UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JAMES W. SCOTT,　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　　　)
　v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　CASE NO. 0:18-cv-60178-CMA
EXPERIAN INFORMATION　　　　　　　)
SOLUTIONS, INC.; TRANS UNION LLC;　)
EQUIFAX, INC.,　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff James W. Scott's Complaint (the "Complaint") as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian's investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this answer.

In response to the numbered paragraphs in the Complaint, Experian states as follows:

**JURISDICTION[1]**

1.　　In response to paragraph 1 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Experian states that this is a legal conclusion which is not subject to denial or admission.

---

[1] For ease of reference, Experian incorporated into its Answer the primary headings used by Plaintiff in the Complaint, although Experian does not adopt, either expressly or by implication, any statements contained in those headings. Experian has also numbered its paragraphs to mirror the numbering in the Complaint to facilitate review.

2. In response to paragraph 2 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## PARTIES

3. In response to paragraph 3 of the Complaint, Experian admits the Plaintiff is James W. Scott. As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 3 of the Complaint.

4. In response to paragraph 4 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) with a corporate office at 475 Anton Blvd., Costa Mesta, CA 92626. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraph 6 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## Venue

7. In response to paragraph 7 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to paragraph 8 of the Complaint, Experian admits that Plaintiff has alleged venue in the Southern District of Florida is proper. Experian states that this is a legal conclusion which is not subject to denial or admission.

## GENERAL ALLEGATIONS

9. In response to paragraph 9 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 15 inconsistent therewith. As to the remaining allegations about Plaintiff's actions, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 15 of the Complaint.

16. In response to paragraph 16 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 19 inconsistent therewith. As the remaining allegations regarding the parties' actions, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 19 of the Complaint.

20. In response to paragraph 20 of the Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 20 inconsistent therewith. As the remaining allegations regarding the parties' actions, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 20 of the Complaint.

21. In response to paragraph 21 of the Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that

basis, denies any allegations of paragraph 21 inconsistent therewith. As the remaining allegations regarding the parties' actions, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 21 of the Complaint.

22. In response to paragraph 22 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24. In response to paragraph 24 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25. In response to paragraph 25 of the Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 25 inconsistent therewith. As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 25 of the Complaint.

26. In response to paragraph 26 of the Complaint, Experian denies that it acted contrary to the law.  As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 26 of the Complaint.

27. In response to paragraph 27 of the Complaint, Experian states that some of the allegations are legal conclusions that are not subject to denial or admission.  As to the other allegations in paragraph 27, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 27 of the Complaint.

28. In response to paragraph 28 of the Complaint, Experian denies that it has acted contrary to the FCRA and denies, generally and specifically, each and every remaining allegation contained in paragraph 28 relating to Experian.  As to the allegations regarding other entities, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 28 of the Complaint.

29. In response to paragraph 29 of the Complaint, Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.  As to the allegations in paragraph 29 of the Complaint that relate to the other defendants and Plaintiff's actions, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 29 of the Complaint.

30. In response to paragraph 30 of the Complaint, Experian states that some allegations contained therein are legal conclusions not subject to admission or denial. As to the remaining allegations in paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT I

31. In response to paragraph 31 of the Complaint, Experian admits those limited allegations that were previously admitted and denies those allegations that were previously denied.

32. In response to paragraph 32 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33. In response to paragraph 33 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

34. In response to paragraph 34 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 34 of the Complaint beginning "WHEREFORE," Experian denies, generally and specifically, that Plaintiff is entitled to judgment against Experian or to any relief whatsoever from Experian.

## **COUNT II**

35. In response to paragraph 35 of the Complaint, Experian admits those limited allegations that were previously admitted and denies those allegations that were previously denied.

36. In response to paragraph 36 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37. In response to paragraph 37 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38. In response to paragraph 38 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 38 of the Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## **COUNT III**

39. In response to paragraph 39 of the Complaint, Experian admits those limited allegations that were previously admitted and denies those allegations that were previously denied.

40. In response to paragraph 40 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41. In response to paragraph 41 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

42. In response to paragraph 42 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 42 of the Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## DEMAND FOR TRIAL BY JURY

In response to the unnumbered paragraph at the top of page 7 of the Complaint, Experian admits that Plaintiff has demanded trial by jury on all issues triable.

To the extent not admitted herein, all material allegations of the Complaint are denied.

## DEFENSES

1. In further response to the Complaint, Experian hereby pleads the following defenses and affirmative defenses on information and belief. By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Experian reserves the right to amend its answer and/or assert additional defenses should investigation and discovery, which could not be completed before the deadline for filing an answer, indicate such defenses are warranted.

2. The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

3. Plaintiff has failed to mitigate his damages.

4. Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Experian.

5. Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

- 12 -

6. Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(A) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(B) For costs of suit and attorneys' fees herein incurred; and

(C) For such other and further relief as the Court may deem just and proper.

Dated:  March 5, 2018

Respectfully submitted,

<u>*s/ Erika S. Whyte*</u>
Erika S. Whyte
Florida Bar No. 91133
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone:  (305) 714-9700
Facsimile:   (305) 714-9799
ewhyte@jonesday.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2018, I electronically filed a true and correct copy of the foregoing Defendant Experian Information Solutions, Inc.'s Answer and Affirmative Defenses with the Clerk of the Court using CM/ECF. I also certify that I served a true and correct copy of the foregoing Defendant Experian Information Solutions, Inc.'s Answer and Affirmative Defenses on all counsel or parties of record on the service list via transmission of Notices of Electronic Filing generated by CM/ECF. I further certify that I served a true and correct copy of the foregoing Defendant Experian Information Solutions, Inc.'s Answer and Affirmative Defenses by mail to the Plaintiff at the following address:

James W. Scott
jwsscott777@gmail.com
3457 Deercreek Palladian Circle
Deerfield Beach, FL 33442
954-540-0408
*Pro Se Plaintiff*

> */s/ Erika S. Whyte*
> Erika S. Whyte