IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT LAUDERDALE DIVISION

**CASE NO. 0:18-CV-60178-CMA**

JAMES W. SCOTT,

        Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and EQUIFAX, INC.,

        Defendants.
_____/

**DEFENDANT TRANS UNION LLC'S REPLY TO
PLAINTIFF'S MEMORANDUM IN OPPOSITION TO ITS
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Trans Union LLC ("Trans Union") hereby files this Reply to Plaintiff's Response in Opposition and Memorandum to Its Motion to Dismiss for Failure to State a Claim and would respectfully show the Court as follows:

**A. SECTION 1681g APPLIES ONLY TO A "CONSUMER DISCLOSURE FILE", NOT A "CREDIT REPORT" OR "CONSUMER REPORT"**

It appears from the Opposition that Plaintiff's allegations stem from a confusion of the terms "consumer file disclosure" and "consumer report." A "consumer report" is different than a "consumer disclosure." *Pettway v. Equifax Info. Servs., LLC*, 2010 U.S. Dist. LEXIS 13800, at *22 (S.D. Ala. Feb. 12, 2010). "Consumer reports" are generated by a consumer reporting agency ("CRA") and delivered *to a third party* for use in deciding whether the consumer is eligible for credit or for other purposes. *Id.* (citing 15 U.S.C. § 1681a(d)) (emphasis added). In contrast, a "consumer disclosure" or "consumer file" is a CRA's file that is provided to the consumer, not to third parties, that contains information about the consumer recorded and retained by the CRA. *Id.* (citations omitted). In other words, there cannot be a consumer report without delivery to a third party. *Norman v. Lyons*, 2013 U.S. Dist. LEXIS 24172 (N.D. Tex.

February 22, 2013), at *7. "Accordingly, one cannot prove the existence of a 'consumer report' unless the report was furnished to a third party." *Id.*

In this case, Plaintiff received his <u>consumer disclosure</u>, because he is the consumer. There is no allegation that a <u>consumer report</u> was generated in this case—that is, Plaintiff has not alleged nor provided the factual basis for an assertion that his information was sent to a third party. Plaintiff alleges in his Complaint that he (the consumer) requested his consumer file information, and admits that Defendant sent him his consumer disclosure. Defendant did not give Plaintiff, and could not have given Plaintiff, a "consumer report," because Plaintiff is the consumer rather than a third party. Any assertions in the Complaint regarding information submitted to third parties are purely speculative.

Moreover, Plaintiff's sole cause of action in his Complaint is violation of 15 U.S.C. § 1681g(a)(1). As Defendant stated in the Motion to Dismiss, § 1681g(a)(1) requires a consumer reporting agency to disclose information to the *consumer* upon request. This section has nothing to do with the information that is contained in a "consumer report" to a third party. Because Plaintiff's claim involves an alleged violation of § 1681g, the only disclosure at issue is that which is sent to the *consumer*.

**B. EXTRINSIC EVIDENCE INTRODUCED IN PLAINTIFF'S OPPOSITION SHOULD BE DISREGARDED**

It is well established that when considering a Rule 12(b)(6) motion, a court cannot look beyond the face of the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Plaintiff's Opposition introduces a wealth of extrinsic evidence, including references to YouTube videos, news articles, and other anecdotal evidence, none of which should be considered in the determination of whether the Complaint adequately states a

9799611.1/SP/83057/3242/031218

claim upon which relief may be granted. Plaintiff's Complaint on its face does not factually demonstrate a claim upon which relief can be granted, so the Complaint should be dismissed.

C. **CONCLUSION**

For the foregoing reasons, Trans Union respectfully requests that Plaintiff's Complaint be dismissed in its entirety and all claims against Trans Union be dismissed with prejudice.

Respectfully submitted,

*/s/ Franklin G. Cosmen, Jr.*
**FRANKLIN G. COSMEN, JR.**
Florida Bar No. 0089214
**QUINTAIROS, PRIETO, WOOD & BOYER P.A.**
9300 S. Dadeland Blvd, 4th Floor
Miami, Florida 33156
Telephone: (305) 670-1101
Facsimile: (305) 670-1161
Email: fcosmen@qpwblaw.com
*Counsel for Trans Union LLC*

9799611.1/SP/83057/3242/031218

# CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

Erika Stephanie Handelson
ehandelson@jonesday.com
Jones Day
600 Brickell Avenue, Suite 3300
Miami, FL 33131
(305) 714-9700
(305) 714-9799 Fax
*Counsel for Experian Information Solutions, Inc.*

John Anthony Love
tlove@kslaw.com
King & Spalding
1180 Peachtree Street NE
Atlanta, GA 30309
(404) 572-4600
*Counsel for Equifax, Inc.*

and I hereby certify that I have mailed by United States Postal Service the above and foregoing document to the following non-CM/ECF participants:

James W. Scott
3457 Deercreek Palladian Circle
Deerfield Beach, FL 33442
(954) 540-0408
jwsscott777@gmail.com
*Pro Se Plaintiff*

>*/s/ Franklin G. Cosmen, Jr.*
>**FRANKLIN G. COSMEN, JR.**

9799611.1/SP/83057/3242/031218