UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| JAMES W. SCOTT,<br>　　　　　Plaintiff,<br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.; TRANS UNION LLC;<br>EQUIFAX, INC.,<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)　CASE NO. 0:18-cv-60178-CMA<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT CONFERENCE REPORT AND JOINT PROPOSED SCHEDULING ORDER**

On March 8, 2018, Plaintiff James W. Scott and counsel for Defendant Experian Information Solutions, Inc. ("Experian"), Defendant Trans Union LLC ("Trans Union"), and Defendant Equifax, Inc. ("Equifax") held a telephone conference to discuss scheduling issues. Plaintiff James W. Scott, and Defendants Experian, Trans Union, and Equifax, hereby submit this Joint Scheduling Report pursuant to S.D. Fla. Local Rule 16.1 and the Court's February 21, 2018 Order (Document 13):

A. 　The Likelihood of Settlement

At this point, settlement between the parties appears unlikely, but the parties will inform the Court. If, however, settlement is reached between any of the parties, those parties will promptly notify the Court of the settlement.

B. 　Likelihood of Appearance of Additional Parties

The parties do not currently anticipate joining additional parties to this action.

C. 　Proposed Deadlines:

　　1. 　Deadline to exchange Rule 26(a)(1) initial disclosures: **April 9, 2018**

　　2. 　Deadline to join other parties and to amend pleadings: **June 14, 2018**

      3.      Discovery Deadlines:

           a.      Deadline for Plaintiff to serve expert reports: **July 2, 2018**

           c.      Deadline for Defendants to serve expert reports:  **August 3, 2018**

           c.      Deadline to complete fact discovery: **September 20, 2018**

           d.      Deadline to complete expert discovery: **October 15, 2018**

      4.      Deadline to file dispositive motions: **October 26, 2018**

      5.      Mediation Deadlines:

           a.      Deadline to select a mediator: **July 31, 2018**

           b.      Deadline to conduct mediation: **September 28, 2018**

      6.      Deadline for pre-trial disclosures and pre-trial motions: **Feb. 25, 2019**

D.      <u>Proposals for Formation and Simplification of Issues</u>

At this point, the parties have not made any decisions regarding the simplification of the issues.

E.      <u>Amendment of Pleadings</u>

The parties have no amendments to their pleadings at this time.  The parties propose **June 14, 2018** be the deadline for amending pleadings.

F.      <u>Possibility of Obtaining Admissions of Facts and Documents</u>

The parties will confer after discovery has been conducted regarding the possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.

G.        <u>Suggestions for the Avoidance of Unnecessary Proof and Cumulative Evidence</u>

The parties will confer after discovery has been conducted regarding suggestions for the avoidance of unnecessary proof and cumulative evidence.

H.        <u>Referral of Matters to Magistrate Judge</u>

The parties do not agree to the referral of matters to a Magistrate Judge.

I.        <u>Preliminary Estimate of Time Required for Trial</u>

The parties estimate that three (3) to four (4) days are needed for trial.

J.        <u>Requested Date for Pre-trial Conference and Trial</u>

The parties request a pre-trial conference by March 11, 2019 and trial to be scheduled on or after April 8, 2019.

K.        <u>Remaining Issues</u>

a.        Discovery: The parties consent to the service of documents and discovery via electronic mail. The parties shall produce electronically stored information ("ESI") in .pdf format unless otherwise specified. The parties will attempt to resolve any disputes regarding the scope of ESI to be produced prior to submitting such disputes to the court.

b.        Inadvertent Disclosure Of Privileged Information: The Parties agree that production of information protected by the attorney-client privilege or the work product doctrine, whether inadvertent or otherwise, shall not result in a waiver of either of those protections in this proceeding or any other proceeding. After learning of such disclosure, the producing party will promptly give notice either in writing, or later confirmed in writing, to the receiving party or parties that such information was inadvertently produced and requests that the receiving party return the original data. Absent a challenge under this paragraph or during the pendency of any such challenge, or contemplated challenge, the receiving party or parties shall sequester and destroy or

return all such material, including copies, to the producing party promptly upon receipt of the written notice and request for return. The parties will ask the Court to include this agreement in an order pursuant to Rule 502 of the Federal Rules of Evidence.

  c.  The parties anticipate that there will be a need for a protective order in this matter.

Dated: March 16, 2018          Respectfully submitted,

                     *s/ James W. Scott*
                     James W. Scott
                     3457 Deercreek Palladian Circle
                     Deerfield Beach, FL 33442
                     (954) 540-0408
                     jwsscott777@gmail.com
                     *Pro Se Plaintiff*

                     *s/ Erika S. Whyte*
                     Erika S. Whyte
                     Florida Bar No. 91133
                     JONES DAY
                     600 Brickell Avenue, Suite 3300
                     Miami, FL 33131
                     Telephone: (305) 714-9700
                     Facsimile: (305) 714-9799
                     ewhyte@jonesday.com
                     *Counsel for Defendant*
                     *Experian Information Solutions, Inc.*

                     *s/ Franklin G. Cosmen*
                     Franklin G. Cosmen
                     Florida Bar No. 0089214
                     QUINTAIROS, PRIETO, WOOD & BOYER P.A.
                     9300 S. Dadeland Blvd, 4th Floor
                     Miami, Florida 33156
                     Telephone: (305) 670-1101
                     Facsimile: (305) 670-1161
                     fcosmen@qpwblaw.com
                     *Counsel for Defendant Trans Union LLC*

      *s/ J. Anthony Love*
      J. Anthony Love
      Florida Bar No. 67224
      KING & SPALDING LLP
      1180 Peachtree Street, N.E.
      Atlanta, Georgia 30309
      Tel: (404) 572-4600
      Fax: (404) 572-5100
      tlove@kslaw.com
      *Counsel for Defendant Equifax Inc.*

### **CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2018, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using CM/ECF. I also certify that I served a true and correct copy of the foregoing Defendant Experian Information Solutions, Inc.'s Answer and Affirmative Defenses on all counsel or parties of record on the service list via transmission of Notices of Electronic Filing generated by CM/ECF. I further certify that I served a true and correct copy of the foregoing Defendant Experian Information Solutions, Inc.'s Answer and Affirmative Defenses by mail to the Plaintiff at the following address:

    James W. Scott
    jwsscott777@gmail.com
    3457 Deercreek Palladian Circle
    Deerfield Beach, FL 33442
    954-540-0408
    *Pro Se Plaintiff*

      */s/ Erika S. Whyte*
      Erika S. Whyte

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JAMES W. SCOTT,
        Plaintiff,
  v.

EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION LLC;
EQUIFAX, INC.,
        Defendants.

CASE NO. 0:18-cv-60178-CMA

**JOINT PROPOSED SCHEDULING ORDER**

The Court, after considering the matters discussed in the parties' Conference Report and Joint Proposed Scheduling Order, finds that good cause exists for entry of this Joint Proposed Scheduling Order.

**A.**    **Case Management Track**

This matter is assigned to the standard case management track pursuant to Local Rule 16.1(a)(2)(B).

**B.**    **Discovery Schedule Agreed to by the Parties**

| ACTION | DATE |
|---|---|
| Initial Disclosures | April 9, 2018 |
| Deadline for Plaintiff to Serve Expert Report | July 2, 2018 |
| Deadline for Defendants to Serve Expert Report | August 3, 2018 |
| Deadline to Complete Fact Discovery | September 20, 2018 |
| Deadline to Complete Expert Discovery | October 15, 2018 |
| Deadline to File Dispositive Motions | October 26, 2018 |
| Deadline to Select a Mediator | July 31, 2018 |
| Deadline to Complete Mediation | September 28, 2018 |

**C.     Inadvertent Disclosure Of Privileged Information**

Production of information protected by the attorney-client privilege or the work product doctrine, whether inadvertent or otherwise, shall not result in a waiver of either of those protections in this proceeding or any other proceeding.  After learning of such disclosure, the producing party will promptly give notice either in writing, or later confirmed in writing, to the receiving party or parties that such information was inadvertently produced and requests that the receiving party return the original data.  Absent a challenge under this paragraph or during the pendency of any such challenge, or contemplated challenge, the receiving party or parties shall sequester and destroy or return all such material, including copies, to the producing party promptly upon receipt of the written notice and request for return.

**D.     Limitation of Time to Join Parties and Amend Pleadings**

The parties have until **June 14, 2018** to join other parties or amend their pleadings.

**E.     Pre-Trial and Trial Schedule**

| ACTION | DATE |
|---|---|
| Deadline to File All Pre-Trial Motions | |
| Resolution of All Pre-Trial Motions by the Court | |
| Pre-Trial Conference | |
| Trial | |

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this ___ day of _____ 2015.

_____

Cecilia M. Altonaga

United States District Judge