

FILED BY _____ D.C.

MAR 19 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**JAMES W SCOTT**  CASE: 18-CV-60178-ALTONAGA/SELTZER

*Plaintiff.*

vs

**EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX, INC.**
*Defendants*

### PLAINTIFF' MOTION TO STRIKE DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC's AFFIRMATIVE DEFENSES

Plaintiff hereby moves this Court pursuant to Federal Rules of Civil Procedure 12(f) to strike Defendant Experian Information Solutions, Inc's (Experian) Affirmative Defenses 3, 4 and 5 on the grounds that they fail to state factual defenses and are legally insufficient.

### MEMORANDUM

Plaintiff filed this lawsuit on January 26, 2018. On March 5, 2018 Defendant Experian filed an Answer and Affirmative Defenses to Plaintiff's Amended Complaint. Plaintiff conferred with Defendant in an attempt to avoid filing this motion.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An affirmative defense is defined as "a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." *Ayers v. Consolidated Construction*, 07-123, 2007 WL 4181910 at*1(M.D. Nov.26 2007) (Steele, J.) (striking insufficient and inapplicable affirmative defenses). Two of Defendants'

Affirmative Defenses, such as the Fourth and Fifth contain facts and assertions that would operate, if at all, to negate the Amended Complaint, rather than to defeat Plaintiff's claims. District courts "have broad discretion in disposing of motions to strike" under Rule 12. *Microsoft v. Jesse's Computers*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (quotes and citation omitted). Although Rule 12(f) should be used sparingly, it is appropriate here where Defendants' affirmative defenses are obviously false, with no bearing on the adjudication of Plaintiff's claims. *Wlodynski v. Ryland Holmes*, 08-cv-361, 2008 WL 2783148 at*1(M.D. Fla. July 17, 2008) (Whittemore, J.) The "function of a 12(f) motion to strike is to avoid the expenditure of of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins*, 697 F.2d 880, 885 (9th Cir. 1983). That purpose would be served here by dispensing with Defendants' Affirmative Defenses which cannot possibly have any bearing on the adjudication of this matter. On Rule 12(f), the moving party must show that it is prejudiced by the inclusion of a defense, but when the challenged defense fails as a matter of law, prejudice – in the form of the resources and time expended to counter such a defense – is presumed. *Suzanne Degnan, DMD, PC v. Dentis USA Corp.*, No. 4:17 CV 292 CEJ, 2017 WL 2021085, at*1(E.D. Mo. May 12, 2017).

## ARGUMENT

### Third Defense.

**Plaintiff has failed to mitigate his damages**

The failure to mitigate affirmative defense should be stricken in this case for several reasons. The FCRA provides that plaintiffs may recover statutory damages in the amount of $1,000 for each violation. *See* 15 U.S.C. § 1681n. In this case, Plaintiff has limited his damages to statutory. Plaintiff sent a second and final request for his full consumer file disclosure after

Experian failed to properly respond to his first request. Plaintiff made it clear that he was mitigating damages when he sent these requests. This affirmative defense has no basis in law or in any recognized legal theory and is not a defense to an award of statutory damages. The law is clear that this defense cannot succeed in response to the allegations in this case. Its inclusion in this case is therefore prejudicial to Plaintiff, and the interests of judicial economy are best served by striking this defense at this stage of the litigation.

### Fourth Defense

**Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Experian.**

On its face, this affirmative defense fails to meet the "fair notice" standard under *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). The contention that Plaintiff was somehow negligent by requesting a full consumer file disclosure from Experian (which he is entitled to) is absolutely ludicrous to say the least. This defense is frivolous, conclusory and void of any facts to support it. It should be stricken as well at this stage of litigation.

### Fifth Defense

**Any damages which Plaintiff may have suffered, which Experian denies, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.**

Once again, the damages the Plaintiff is entitled to is statutory. There is no factual basis in Defendant's affirmative defense in this regard as well as how could the Plaintiff caused the damages suffered by him. "A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *S.E.C. v. Elec. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), *aff'd*,

891 F.2d 457 (2d Cir. 1989). Furthermore, broad affirmative defenses such as waiver, estoppel, or unclean hands may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving Plaintiff a fair notice of the grounds upon which the defense rests. *Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004). This affirmative defense should be stricken at this stage of litigation.

## CONCLUSION

As previously stated from *S.E.C. v. Elec. Warehouse, Inc*, "A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense."

**WHEREFORE**, for the reasons stated above Plaintiff requests this Honorable Court to strike Defendant's Affirmative Defenses numbers 3, 4 and 5 and for any other relief this Court deems just and proper.

Dated: March 19, 2018

Respectfully Submitted,

_____
James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442
Jwsscott777@gmail.com
**954-540-0408 cellphone**

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2018, I filed the foregoing with the Clerk of the Court conventionaly. I also certify that the foregoing document is being sent by USPS to the following:

## SERVICE LIST

Franklin G. Cosmen, Jr.
Quintairos, Prieto, Wood & Bower P.A.
9300 S. Dadeland Blvd, 4th Floor
Miami, Florida 33156
Telephone: 305-670-1101
Email: fcosmen@qpwblaw.com
Counsel for Trans Union

John Anthony Love
King & Spalding
1180 Peachtree Street NE
Atlanta, GA 30309
404-572-4600
tlove@kslaw.com
Counsel for Equifax

Erika S. Handelson
Jones Day
600 Brickell Avenue, Suite 3300
Miami, Fl 33131
305-714-9700
ewhyte@jonesday.com
Counsel for Experian

Dated: March 19, 2018

_____
James W Scott