UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60178-CIV-ALTONAGA/SELTZER

JAMES W. SCOTT,

    Plaintiff,

vs.

TRANS UNION LLC and
EQUIFAX, INC.,

    Defendant.
_____/

## ORDER SETTING DISCOVERY PROCEDURE

**THIS CAUSE** is before the Court on referral from U.S. District Judge Cecilia M. Altonaga for appropriate disposition of all pretrial discovery motions [DE 28]. To ensure an expeditious and just discovery process going forward, the Court **ORDERS** as follows:

1. Pre-hearing Communication: If a discovery dispute arises, the parties must confer either in person or via telephone in a genuine effort to resolve their disputes before seeking Court intervention.

2. Discovery Hearing: If, after conferring, the parties cannot resolve their discovery dispute, the movant must seek relief within 14 days after the grounds for relief occur by contacting the undersigned's Chambers (954-769-5450) and scheduling a discovery hearing. The movant shall have first conferred with opposing counsel and obtained three alternative dates and times that both counsel are available for a hearing. The Court will thereafter enter an order setting the matter for hearing.

3. Discovery Status Report: Except in instances involving a complete failure to respond to discovery (see ¶ 4, below), by no later than **12:00 p.m., five business days**

**before the hearing**, or as otherwise ordered, the parties shall email to the Court a Joint Discovery Status Report, identifying the issues/discovery requests, if any, that remain unresolved.  The parties shall separately each e-mail the Joint Status Report, in Word or Word Perfect format, to seltzer@flsd.uscourts.gov.  The Joint Status Report must set forth the following information for the unresolved discovery issues: (1) the verbatim request; (2) the verbatim response; (3) a brief summary of each party's position; and (4) the result of the parties' meet and confer.  The parties may group the discovery requests by issue, as appropriate.  The information <u>must</u> be presented in chart form as set forth below, addressing one discovery request/issue per page:

| **Request No. [  ]:** [VERBATIM REQUEST] | | |
|---|---|---|
| **Response:**     [VERBATIM  RESPONSE] | | |
| **Movant's Position:** | **Opponent's Position:** | **[LEAVE BLANK FOR COURT USE]** |

4.   <u>Complete Failure to Respond to Discovery</u>: Where there has been a complete failure to respond to discovery, and where good faith efforts have been made (without success) to obtain that discovery, counsel shall so inform the Court telephonically, and the Court will set the matter for hearing.

5. <u>Written Motions</u>: No written discovery motions or memoranda of law, including motions to compel and motions for protective order, shall be filed unless requested by the Court.

6. <u>Resolution of Issues Prior to Hearing</u>: Even after a hearing has been set, the parties are encouraged to continue negotiating a resolution of disputed discovery matters. If those efforts are wholly successful, then counsel should so inform Chambers as soon as possible to cancel the hearing. Similarly, if the parties resolve some, but not all, of their issues before the hearing, counsel should so inform Chambers to avoid the unnecessary expenditure of judicial resources on matters no longer in dispute.

The Court expects all parties to act courteously and professionally in the resolution of discovery disputes. The Court may impose appropriate sanctions upon a finding of failure to comply with this Order or other discovery misconduct.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 20th day of March 2018.

*/s/ Barry S. Seltzer*
BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF