

FILED BY _____ D.C.

APR - 4 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**JAMES W SCOTT**
*Plaintiff.*

**CASE 18-CV-60178-ALTONAGA/SELTZER**

**vs**

**EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; EQUIFAX, INC.; EQUIFAX
INFORMATION SERVICES, LLC**
*Defendants*

## <u>AMENDED COMPLAINT FOR VIOLATIONS OF THE FCRA</u>

### <u>JURISDICTION</u>

1. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C § 1331.

2. All conditions precedent to the bringing of this action have been performed.

### <u>PARTIES</u>

3. The Plaintiff in this lawsuit is James W Scott, a natural person, who resides in Broward
   County, Florida.

4. Defendant Experian Information Solutions, Inc. (Experian) along with its subsidiaries,
   affiliates and partners operates as a Consumer Reporting Agency regulated by the Fair Credit
   Reporting Act, (FCRA) 15 U.S.C. § 1681 *et seq.* and maintains corporate offices at 475
   Anton Blvd., Costa Mesa, CA 92626.

5. Experian, its subsidiaries and partners sell consumer information and data derived from
   consumer information in its consumer file(s). On its own website, Experian markets products

SCANNED

for debt collecting businesses using "File One" which is just one of their ways in which they generate millions of dollars in revenue annually. They also partner with First Manhattan Consulting Group (FMCG Direct) to help businesses target consumers for financial services using wealth indicator audiences.

6. Defendant Equifax, Inc. (Equifax) along with its subsidiaries operates as a Consumer Reporting Agency ("CRA") regulated by the Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681 *et seq*. with Equifax, Inc. corporate offices at 1550 Peachtree Street, Atlanta, GA 30309.

7. Equifax, Inc. is the parent of Equifax Information Services, LLC (EIS). In prior litigation it has taken the position it is not itself a "consumer reporting agency" governed by the FCRA. See 15 U.S.C. § 1681a(f) ("The term "consumer reporting agency" means any person, who for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.")

8. Equifax, Inc. is a consumer reporting agency. For purposes of the FCRA, Equifax, Inc. has repeatedly stated to consumers, regulators and the public as the actual operating entity. Through a recent letter from the Committee on Oversight and Government Reform, Congress recognizes Equifax, Inc. as a consumer reporting agency. See Exhibit 3. Defendants have held Equifax, Inc. out as the operating and responsible entity but in litigation, it argues that EIS is the consumer reporting agency and not Equifax, Inc. The FCRA does not delineate as to how a company says it operates but only how it factually operates.

9. Equifax, Inc. and its subsidiaries such as Equifax Information Services LLC (EIS) and
Equifax Consumer Services, LLC (ECS) operate as alter egos of one another and freely
transfer communications from consumers, as well as consumer information and data based
on consumer information and communications, between the entities for commercial purposes
without restriction and to treat them as separate entities would promote fraud and sanction
injustice.

10. Equifax, Inc. and its subsidiaries including EIS operate using the same "Equifax" logo with
no differentiation between entities when interacting with consumers via mail and otherwise.
Because of the differences in subsidiaries and divisions operating without any impediments
of corporate structure, an unsophisticated consumer would be confused and not know one
Equifax entity from another.

11. Equifax, Inc. has used EIS and ECS and other subsidiaries as dependent and integrated
divisions rather than separate legal entities. Management decisions at EIS and ECS as well as
other divisions are made by and through Equifax, Inc. and the entities largely hold
themselves out as a single uniform business entity exchanging and selling consumer
information as well as data derived from consumer information and communications it holds
in its consumer files.

12. The FCRA, through a rule mandated at § 1681x expressly prohibits "a consumer reporting
agency from circumventing or evading treatment as a nationwide consumer reporting
agency" by means of corporate organization or restructuring.

13. Equifax, Inc. and entities such as EIS regularly share FCRA restricted information with
sibling ECS to market and profit from the sale of identity theft products with a number of

Equifax related entities such as TALX Corporation, eThority, Anakam, Inc. and Equifax Mortgage Services.

14. For separate and distinct purposes of liability in this case, Defendants Equifax, Inc. and Equifax Information Services, LLC must operate as separate and legally as well as operationally distinct entities. Here for matters alleged and relevant herein, EIS is merely an alter ego of Equifax, Inc. Equifax, Inc. EIS, ECS and other subsidiaries and affiliates share full unity of interest in as much as separate personalities of the corporation no longer exists because they operate as one consumer reporting agency under the FCRA.

15. Defendant Trans Union, LLC (Trans Union) along with its subsidiaries and affiliates operates as a Consumer Reporting Agency regulated by the Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681 *et seq.* with corporate offices at 555 W. Adams Street Chicago, IL 60661. Trans Union operates as a single FCRA governed consumer reporting agency.

16. Trans Union, LLC has structured itself in order to warehouse its sale of credit reporting consumer reports in one entity and its sale of criminal history, employment, landlord-tenant purposed, etc. consumer reports in other entities. It freely transfers the data between units and operates without any impediments of corporate structure. In almost every material regard, the Trans Union units operate as if they are one and the same, a single consumer reporting agency.

## VENUE

17. The occurrences which give rise to this action occurred in Broward County, Florida and Plaintiff resides in Broward County, Florida.

18. Venue is proper in the Southern District of Florida.

## GENERAL ALLEGATIONS

19. Plaintiff wanted to obtain his **full consumer file disclosure** to obtain all information recorded and maintained in Defendant's files and/or databases about him as 15 U.S.C. § 1681g(a)(1) states he is entitled to. Every consumer reporting agency shall, upon request, and subject to § 1681h(a)(1) of this title, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(1). Plaintiff looked at the annualcreditreport.com website which was set up and is operated by the Defendants but could find no place on that website where he could request his **full consumer file disclosure.** Instead he found that he could only request a "credit report" which is not what he wanted or what § 1681g(a)(1) states he is entitled to upon request as a consumer. Plaintiff then decided to write to each of the Defendants directly and **made a very deliberate and specific request to obtain his full consumer file disclosure** which he is entitled to under 15 U.S.C. § 1681g(a)(1), NOT just a conventional credit report.

20. Plaintiff made a written request sent by certified mail for a copy of his full consumer file disclosure which was received by Experian on September 20, 2017. See Exhibit 1 attached.

21. In response to his very specific request for his **full consumer file disclosure** Plaintiff received a copy of his **credit report** which was not responsive to his request.

22. Plaintiff made a written request sent by certified mail for a copy of his full consumer file disclosure which was received by Equifax on September 20, 2017 See Exhibit 1 attached.

23. In response to his very specific request for his **full consumer file disclosure** Plaintiff received a copy of his **credit report** which was not responsive to his request.

24. Plaintiff made a written request sent by certified mail for a copy of his **full consumer file disclosure** which was received by Trans Union on September 20, 2017 See Exhibit 1 attached.

25. In response to his very specific request for his **full consumer file disclosure** Plaintiff received a copy of his **credit report** which was not responsive to his request.

26. Plaintiff, in making the exact same request of each of the Defendants, specified in great detail exactly what specific sections of the Fair Credit Reporting Act (FCRA) requires each Defendant to provide a **full consumer file disclosure** at least once per year at no charge when a request is made by a consumer. See Exhibit 1 attached.

27. Plaintiff's request for a **full consumer file disclosure** from each Defendant was the first request for a disclosure within 12 months and identification in the form of a copy of his social security card and current state driver's license was attached to the request for identification.

28. After receiving a response from each Defendant that did not comply with the request made, Plaintiff made a second and final request for a **full consumer file disclosure** pursuant to the FCRA of each Defendant. See Exhibit 2 attached. A copy of the initial letter was sent with the second request for clarification along with identification in the form of a copy of Plaintiff's social security card and driver's license for identification.

29. At no time did Plaintiff make any request for a credit report from the Defendants but instead was very specific in requesting a **full consumer file disclosure** pursuant to 15 U.S.C. § 1681g(a)(1) as outlined in the initial request.

30. In response to Plaintiff's second request for a **full consumer file disclosure** to Experian he received a copy of his **credit report** which was not responsive to his request as required by 15 U.S.C. § 1681g(a)(1).

31. In response to Plaintiff's second request for a **full consumer file disclosure** to Equifax he received a copy of his **credit report** which was not responsive to his request as required by 15 U.S.C. § 1681g(a)(1).

32. In response to Plaintiff's second request for a **full consumer file disclosure** to Trans Union he received a copy of his **credit report** which was not responsive to his request as required by 15 U.S.C. § 1681g(a)(1).

33. All documents provided to Defendants in relation to identity and location information were in clearly legible form and in compliance with 15 U.S.C. § 1681h.

34. The FCRA 15 U.S.C. § 1681g(a)(1) requires that ALL information in the possession of a CRA at the time of a consumer's proper request be disclosed in response to that request. Nowhere in §1681 does the statute limit that information to the scope of credit or credit related data which may be included in a conventional credit report. The statute clearly states ALL information regardless of its nature must be provided other than clearly ancillary information excluded by §1681g(1)(B) which Plaintiff clearly did not request.

35. In each case with each Defendant, there was only communication in the form of the letters that requested Plaintiff's **full consumer file disclosure** and there were no other parties involved with the requests and responses other than the United States Postal Service (USPS) which transported documents between the parties.

36. Since the recent hack of the Equifax database, the Plaintiff had reason to believe that there was more information to be had than what he ever received from a conventional credit report

in the past. Plaintiff had no direct knowledge of specific information regarding himself that might be in Defendant's file(s). That information, if it existed, could only be obtained through requesting a **full consumer file disclosure** pursuant to 15 U.S.C. § 1681g(a)(1) rather than asking for a conventional credit report as he had done in the past through annualcreditreport.com or directly from the Defendants.

37. Plaintiff did not request a credit report, credit disclosure, or anything else using the words "credit" or "report" in any manner from any Defendant at any time related to this lawsuit but instead made a request for his **full consumer file disclosure** and nothing else. Every consumer reporting agency shall, upon request, and subject to § 1681h(a)(1) of this title, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(1).

38. Upon information and belief there is substantial information relating to the Plaintiff that is contained in all Defendants' files that has not been disclosed to him including, but not limited to, information that was previously shown in his credit reports and additional information that is provided to prospective creditors, insurers or employers who request information on Plaintiff that Plaintiff has never seen or is aware of.

39. Upon information and belief the information that is not disclosed to Plaintiff contains negative codes among other things that are provided to prospective creditors, insurers or employers which directly affect how that prospective creditor, insurer or employer would view the Plaintiff in terms of granting credit, rating insurance policies or providing employment.

40. This undisclosed information has never been provided to Plaintiff even when it was requested so he could examine it for accuracy. It could be blatantly false or at the least

misleading and without disclosure by the Defendants he would not have the opportunity to dispute the accuracy or veracity of it which he is legally entitled to do under the law. Disclosure of false or misleading information to prospective creditors, insurers or employers that Plaintiff knows nothing about could paint him in a false light where he could be denied credit or employment or pay higher interest rates on credit if it was granted and higher premiums for insurance harming him substantially.

41. Upon information and belief Defendants have far more information relating to Plaintiff in their files and databases including archived information that Plaintiff has never had access to or had the opportunity to review for accuracy that is provided to others when they make a request for his file. This information has been properly requested by Plaintiff multiple times and is required to be disclosed under 15 U.S.C. § 1681g(a)(1) when a proper request is made by a consumer. The Defendants have **repeatedly refused** to provide Plaintiff with his **full consumer file disclosure** after multiple requests. His requests were very specific in nature and could not possibly be misconstrued as a request for his credit report by Defendants.

42. Plaintiff never made any requests of the Defendants that used the words "credit" or "report" in any manner or context but made a straightforward and very clear request only for a **full consumer file disclosure** [Exhibits 1 and 2] to which he is entitled to under 15 U.S.C. § 1681g(a)(1) and all Defendants failed to provide his **full consumer file disclosure** as required by the FCRA.

43. Plaintiff is also not making any claim whatsoever regarding information that HAS been provided to a third party that he is aware of. The sole basis of this case is that he has not had access to ALL information in his **full consumer file** that may have been at some time in the

past provided to an unknown third party or MIGHT be provided at some time in the future to a third party and he is entitled by law to review and have access to for accuracy.

44. The only information requested by Plaintiff was a **full consumer file disclosure** of information directly related to him as a consumer that affects his credit worthiness, credit standing and credit capacity and also general reputation, personal characteristics, or mode of living among other things.

45. Because Plaintiff has not had access to that undisclosed information he has therefore had no opportunity to review it and dispute the accuracy of it if it is found to be false yet it is provided to potential creditors, insurers and employers without his knowledge and purposely and illegally concealed from him.

46. Upon information and belief when a report is provided by the Defendants to a potential creditor, insurer or employer that information is provided in an encrypted format with instructions to the user that the consumer is NOT to be shown that information. There is no prohibition in the law that information obtained by a user can be provided to the consumer if a request for it is made yet instructions from the Defendants are to the contrary. Why?

47. One can only surmise that there must be some nefarious reason why that information should not be provided to the consumer that is sent to the user in an encrypted format with instructions to the user to conceal it from the consumer. It obviously must contain information that the consumer has never seen and the consumer reporting agencies don't want him or her to see for some unknown reason. This is obviously not in concert with the mandate of full disclosure clearly articulated in the FCRA in unambiguous plain language.

48. Plaintiff made multiple specific requests of each of the Defendants for a **full consumer file disclosure** as clearly stated in 15 U.S.C. § 1681g(a)(1) and all Defendants have failed to comply with the requests and are therefore in violation of the FCRA.

49. The claims made in this lawsuit are in no manner related to the data breach that occurred with Equifax. The claims herein are entirely focused on the fact that all the Defendants failed to provide a **full consumer file disclosure** of all information in their files to Plaintiff upon his multiple requests as required by 15 U.S.C. § 1681g(a)(1). There is no relation of any claims made herein to any issues with the Equifax data breach.

50. The actions of all Defendants occurred within the past 2 years and are within the Statute of Limitations under the FCRA.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.

51. Paragraphs 1 through 50 are re-alleged as though fully set forth herein.

52. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

53. Experian is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

54. Experian repeatedly failed to comply with Plaintiff's multiple requests for a **full consumer file disclosure** pursuant to 15 U.S.C. § 1681g(a)(1).

    WHEREFORE, Plaintiff demands judgment for damages against Experian for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT TRANS UNION LLC

55. Paragraphs 1 through 50 are re-alleged as though fully set forth herein.

56. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

57. Trans Union is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

58. Trans Union repeatedly failed to comply with Plaintiff's multiple requests for a **full consumer file disclosure** pursuant to 15 U.S.C. § 1681g(a)(1).

WHEREFORE, Plaintiff demands judgment for damages against Trans Union for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

### COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EQUIFAX, INC. AND EQUIFAX INFORMATION SERVICES, LLC

59. Paragraphs 1 through 50 are re-alleged as though fully set forth herein.

60. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

61. Equifax is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

62. Equifax repeatedly failed to comply with Plaintiff's multiple requests for a **full consumer file disclosure** pursuant to 15 U.S.C. § 1681g(a)(1).

WHEREFORE, Plaintiff demands judgment for damages against Equifax, Inc. and Equifax Information Services, LLC for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated:  April 4, 2018

Respectfully Submitted,

James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442
Jwsscott777@gmail.com
**954-540-0408 cellphone**

# EXHIBIT 1

James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442
S.S     ` ` -5033 / D.O.B    '1968

Sept 20, 2017

Trans Union
P.O. Box 2000
Chester, PA 19022

### Full File Disclosure Request pursuant to 15 U.S. Code 1681g(a)(1).

To Whom it may concern:

Please send me in writing ALL INFORMATION in my consumer file at Trans Union as
of the date that you receive this letter regardless of how or where it is stored; pursuant to
15 U.S. Code 1681g(a)(1). Mask the first five digits of my Social Security Number in all
writings you return to me.

In addition, I am requesting:

1. Pursuant to 15 U.S. 1681g(a)(2), all sources of information in my consumer file at
Trans Union.

2. Pursuant to 15 U.S. 1681g(a)(3)(A), the identification of each person that procured a
consumer report on me from Trans Union.

3. Pursuant to 15 U.S. 1681g(a)(3)(B), the name, trade name, address, and telephone
number of each person identified under 15 U.S. 1681g(a)(3)(A).

4. Pursuant to 15 U.S. 1681g(a)(4), the dates, original payees, and amounts of any checks
in my consumer file at Trans Union used to adversely characterize me

5. Pursuant to 15 U.S. 1681g(a)(5), a record of all inquiries received by Trans Union in
the year preceding the receipt of this request that identified me in connection with a credit
or insurance transaction that I did not initiate

This is a request for a full file disclosure to include all obsolete and archived information
as permitted by the Fair Credit Reporting Act. It is my first full file disclosure request for
this calendar year from Trans Union.

Thank you in advance for promptly satisfying this request.

Thank You,

James W Scott

**Attached**: Copy of my Social Security Card & Drivers License is attached.
Sent: USPS Certified Mail # 70120470000088853627
Return receipt requested

James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442
S.S. #    5033 / D.O.B.    1968

Sept 20, 2017

Equifax
P.O. Box 740256
Atlanta, GA 30374

## Full File Disclosure Request pursuant to 15 U.S. Code 1681g(a)(1).

To Whom it may concern:

Please send me in writing ALL INFORMATION in my consumer file at Equifax as of the date that you receive this letter regardless of how or where it is stored; pursuant to 15 U.S. Code 1681g(a)(1). Mask the first five digits of my Social Security Number in all writings you return to me.

In addition, I am requesting:

1. Pursuant to 15 U.S. 1681g(a)(2), all sources of information in my consumer file at Equifax.

2. Pursuant to 15 U.S. 1681g(a)(3)(A), the identification of each person that procured a consumer report on me from Equifax.

3. Pursuant to 15 U.S. 1681g(a)(3)(B), the name, trade name, address, and telephone number of each person identified under 15 U.S. 1681g(a)(3)(A).

4. Pursuant to 15 U.S. 1681g(a)(4), the dates, original payees, and amounts of any checks in my consumer file at Equifax used to adversely characterize me

5. Pursuant to 15 U.S. 1681g(a)(5), a record of all inquiries received by Equifax in the year preceding the receipt of this request that identified me in connection with a credit or insurance transaction that I did not initiate

This is a request for a full file disclosure to include all obsolete and archived information as permitted by the Fair Credit Reporting Act. It is my first full file disclosure request for this calendar year from Equifax.

Thank you in advance for promptly satisfying this request.

Thank You,

James W Scott

Attached: Copy of my Social Security Card & Drivers License is attached
Sent: USPS Certified Mail # 70120470000088853658
Return receipt requested

James W Scott
3457 Deercreek Palladian Circle
DeerField Beach, Florida 33442
S.S. #      5033 / D.O.B.      1968

Experian                                                                Sept 20, 2017
P.O. Box 2002
Allen, TX 75013

## Full File Disclosure Request pursuant to 15 U.S. Code 1681g(a)(1).

To Whom it may concern:

Please send me in writing ALL INFORMATION in my consumer file at Experian as of
the date that you receive this letter regardless of how or where it is stored; pursuant to 15
U.S. Code 1681g(a)(1). Mask the first five digits of my Social Security Number in all
writings you return to me.

In addition, I am requesting:

1. Pursuant to 15 U.S. 1681g(a)(2), all sources of information in my consumer file at
Experian.

2. Pursuant to 15 U.S. 1681g(a)(3)(A), the identification of each person that procured a
consumer report on me from Experian.

3. Pursuant to 15 U.S. 1681g(a)(3)(B), the name, trade name, address, and telephone
number of each person identified under 15 U.S. 1681g(a)(3)(A).

4. Pursuant to 15 U.S. 1681g(a)(4), the dates, original payees, and amounts of any checks
in my consumer file at Experian used to adversely characterize me

5. Pursuant to 15 U.S. 1681g(a)(5), a record of all inquiries received by Experian in the
year preceding the receipt of this request that identified me in connection with a credit or
insurance transaction that I did not initiate

This is a request for a full file disclosure to include all obsolete and archived information
as permitted by the Fair Credit Reporting Act. It is my first full file disclosure request for
this calendar year from Experian.

Thank you in advance for promptly satisfying this request.

Thank You,

James W Scott

**Attached**: Copy of my Social Security Card & Drivers License is attached.
Sent: USPS Certified Mail # 70120470000088853665
Return receipt requested

# EXHIBIT 2

James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442
S.S.#         -5033 / D.O.B. .        1968

October 21, 2017

Experian
P.O. Box 2002
Allen, Texas 75013

### Final Request Pursuant to 15 U.SC. § 1681g(a)(1)

To whom it may concern:

I am writing in regard to your response to my initial request for my *Full Consumer File Disclosure*. My request was very specific and I provided the exact sections of the FCRA which require you to provide it to me (see copy of my original letter attached). Your response was not correct in that you did not provide the *Full Consumer File Disclosure* as requested. I will once again state that I am requesting my *Full Consumer File Disclosure* pursuant to 15 U.S.C. § 1681g(a)(1) to include all other such information listed specifically in my initial letter. No response by you other than providing the *Full Consumer File Disclosure* as required by the FCRA will be appropriate or accepted by me.

My initial letter was my first request for the *Full Consumer File Disclosure* within the past 12 months and there is no provision in the FCRA which allows you to charge me for it. I expect your full compliance with the law and for me to receive my *Full Consumer File Disclosure* in a timely manner as required by the FCRA. Your failure to do so will result in me initiating legal action against you to force compliance under the law. Your timely response is appreciated. Act accordingly.

**Once again as was provided with my initial request,** I am enclosing a copy of my driver's license and Social Security Card for identification purposes. You are instructed to mask the first five digits of my Social Security Number in all writings you return to me.

Thank you in advance for promptly satisfying this request.

Thank You

James W Scott
**Attached**: Copy of my Social Security Card & Drivers License is attached.
Sent: USPS Certified Mail # 70120470000088853931
Return receipt requested

James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442
S.S.#.       _ 5033 / D.O.B.       1968

October 21, 2017

Trans Union
P.O. Box 2000
Chester, PA 19022

### Final Request Pursuant to 15 U.SC. § 1681g(a)(1)

To whom it may concern:

I am writing in regard to your response to my initial request for my *Full Consumer File Disclosure*. My request was very specific and I provided the exact sections of the FCRA which require you to provide it to me (see copy of my original letter attached). Your response was not correct in that you did not provide the *Full Consumer File Disclosure* as requested. I will once again state that I am requesting my *Full Consumer File Disclosure* pursuant to 15 U.S.C. § 1681g(a)(1) to include all other such information listed specifically in my initial letter. No response by you other than providing the *Full Consumer File Disclosure* as required by the FCRA will be appropriate or accepted by me.

My initial letter was my first request for the *Full Consumer File Disclosure* within the past 12 months and there is no provision in the FCRA which allows you to charge me for it. I expect your full compliance with the law and for me to receive my *Full Consumer File Disclosure* in a timely manner as required by the FCRA. Your failure to do so will result in me initiating legal action against you to force compliance under the law. Your timely response is appreciated. Act accordingly.

**Once again as was provided with my initial request,** I am enclosing a copy of my driver's license and Social Security Card for identification purposes. You are instructed to mask the first five digits of my Social Security Number in all writings you return to me.

Thank you in advance for promptly satisfying this request.

Thank You

James W Scott /
**Attached**: Copy of my Social Security Card & Drivers License is attached.
Sent: USPS Certified Mail # 70120470000088853924
Return receipt requested

James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442
S.S.#    · :-5033 / D.O.B. ·  "  '1968

October 21, 2017

Equifax
P.O. Box 740256
Atlanta, GA 30374

### Final Request Pursuant to 15 U.SC. § 1681g(a)(1)

To whom it may concern:

I am writing in regard to your response to my initial request for my *Full Consumer File Disclosure*. My request was very specific and I provided the exact sections of the FCRA which require you to provide it to me (see copy of my original letter attached). Your response was not correct in that you did not provide the *Full Consumer File Disclosure* as requested. I will once again state that I am requesting my *Full Consumer File Disclosure* pursuant to 15 U.S.C. § 1681g(a)(1) to include all other such information listed specifically in my initial letter. No response by you other than providing the *Full Consumer File Disclosure* as required by the FCRA will be appropriate or accepted by me.

My initial letter was my first request for the *Full Consumer File Disclosure* within the past 12 months and there is no provision in the FCRA which allows you to charge me for it. I expect your full compliance with the law and for me to receive my *Full Consumer File Disclosure* in a timely manner as required by the FCRA. Your failure to do so will result in me initiating legal action against you to force compliance under the law. Your timely response is appreciated. Act accordingly.

**Once again as was provided with my initial request,** I am enclosing a copy of my driver's license and Social Security Card for identification purposes. You are instructed to mask the first five digits of my Social Security Number in all writings you return to me.

Thank you in advance for promptly satisfying this request.

Thank You

James W Scott
**Attached**: Copy of my Social Security Card & Drivers License is attached.
Sent: USPS Certified Mail # 70120470000088853948
Return receipt requested

# EXHIBIT 3

ONE HUNDRED FIFTEENTH CONGRESS

# Congress of the United States

## House of Representatives

COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM

2157 RAYBURN HOUSE OFFICE BUILDING

WASHINGTON, DC 20515-6143

Majority (202) 225-5074
Minority (202) 225-5051
http://oversight.house.gov

February 20, 2018

Paulino do Rego Barros, Jr.
Interim Chief Executive Officer
Equifax, Inc.
1100 Abernathy Rd., Suite #300
Atlanta, GA 30328

Dear Mr. Barros:

We are writing to request that you extend from one year to at least three years the credit protection and identity theft services you are providing to victims of last year's massive data breach at Equifax, particularly since your own top IT official warned that one year of protection is inadequate.

The data breach at Equifax was one of the most massive in United States history. According to your own estimate, it resulted in more than 145 million Americans having their personal information compromised, including their "names, Social Security numbers, birth dates, addresses, and in some instances, driver's license numbers." In response, Equifax offered impacted U.S. consumers one year of identity theft protection and credit file monitoring through a service called "TrustedID Premier."[1]

Leading experts and consumer advocates have warned that one year of protection is insufficient. For example, the Federal Trade Commission has cautioned consumers that Equifax's credit monitoring "lasts only one year and the threat of identity theft relating to the breach is likely to last a lot longer than that."[2] Similarly, Consumers Union explained that "the risks to consumers due to this breach are not limited to one year—data exposed to hackers could be used to open fraudulent accounts several years in the future."[3] In addition, the U.S. Public Interest Research Group explained that one year of credit monitoring is inadequate since the

---

[1] Equifax, Inc., *Consumer Notice* (accessed Feb. 12, 2018) (online at www.equifaxsecurity2017.com/consumer-notice/).

[2] Federal Trade Commission, *Free Credit Freezes from Equifax* (last updated Feb. 1, 2018) (online at www.consumer.ftc.gov/blog/2017/09/free-credit-freezes-equifax).

[3] Letter from Jessica Rich, Vice President, Policy and Mobilization, and Justin Brookman, Director, Consumer Privacy and Technology Policy, Consumers Union, to Richard F. Smith, Chairman and CEO, Equifax, Inc. (Sept. 14, 2017) (online at http://consumersunion.org/wp-content/uploads/2017/09/CU-letter-to-Equifax-9.14.17.pdf).

Mr. Paulino do Rego Barros, Jr.
Page 2

"stolen information does not have a shelf life."[4]

During a briefing for Committee staff on October 19, 2017, your Chief Information Security Officer agreed. He explained that criminals who steal sensitive data are unlikely to disseminate it when law enforcement is actively searching for it. He also stated that these cyber criminals would likely wait a year or more before attempting to sell this data on the black market.[5]

Your offer of one year of credit protection services stands in contrast to the protection provided to victims of the hack of Office of Personnel Management (OPM) systems in 2015. In that case, cyber criminals gained access to personal information from the background check records of approximately 21.5 million individuals.[6] In response, OPM and the Department of Defense provided "credit monitoring, identity monitoring, identity theft insurance, and identity restoration services for a period of three years."[7] Congress later provided individuals impacted by the OPM data breach ten years of identity theft coverage.[8]

Given the sensitive nature of the personal information that was stolen—and the ability of criminals to store and use that information for years to come—we believe that the millions of U.S. consumers whose personal information was compromised in the Equifax data breach should receive the most robust form of credit protection and identity theft services available.

For these reasons, we respectfully urge you to extend the time period of coverage from one year to a minimum of three years. We would appreciate the courtesy of a reply to this request. If you have any questions about this request, please contact Sean Perryman of the Democratic staff at (202) 225-5051.

Thank you for your consideration of this request.

Sincerely,

[signature: Elijah E. Cummings]   [signature: Carolyn B. Maloney]

---

[4] U.S. PIRG, *Consumer Tips and FAQ About the Equifax Breach* (last updated Jan. 25, 2018) (online at https://uspirg.org/blogs/blog/usp/consumer-tips-and-faq-about-equifax-breach).

[5] Briefing by Chief Information Security Officer, Equifax, Inc., to House Oversight and Government Reform Committee Staff (Oct. 19, 2017).

[6] House Committee on Oversight and Government Reform, *Hearing on OPM: Data Breach: Part II*, 114th Cong. (June 24, 2015); House Committee on Oversight and Government Reform, *Hearing on OPM: Data Breach*, 114th Cong. (June 16, 2015).

[7] Office of Personnel Management, *OPM, DoD Announce Identity Theft Protection and Credit Monitoring Contract: Victims of Cybercrime to Receive Three Years of Service* (Sept. 1, 2015) (online at www.opm.gov/news/releases/2015/09/opm-dod-announce-identity-theft-protection-and-credit-monitoring-contract/).

[8] Consolidated Appropriations Act of 2017, Pub. L. No. 115-31 (2017).

Mr. Paulino do Rego Barros, Jr.
Page 3

[signatures]