IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT LAUDERDALE DIVISION

### CASE NO. 0:18-CV-60178-CMA

JAMES W. SCOTT,

                Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and EQUIFAX, INC.,

                Defendants.

                                      /

### DEFENDANT TRANS UNION LLC'S MOTION
### TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
### UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Trans Union LLC ("Trans Union") hereby files this motion to dismiss the Amended Complaint ("Amended Complaint") filed by Plaintiff James W. Scott ("Plaintiff").

### I.      FACTUAL BACKGROUND

On or about January 26, 2018, *pro se* Plaintiff James Scott sued Experian Information Solutions, Inc., Equifax, Inc., and Trans Union LLC, seeking statutory damages and costs related to alleged violations of the Fair Credit Reporting Act ("FCRA"). On March 1, 2018, Trans Union filed its Amended Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim. On April 4, 2018, Plaintiff filed his First Amended Complaint. In the Amended Complaint, Plaintiff claims that he requested, and received, consumer disclosures from each of the named Defendants. His Amended Complaint fails to cure the deficiencies present in the original Complaint. He generally alleges that the disclosure he received did not constitute his "full consumer file disclosure," in violation of § 1681g. Although he claims this constitutes a

violation of the FCRA, he does not provide any factual basis to support his claims against Trans Union.

## II. MOTION TO DISMISS UNDER RULE 12(b)(6)

Plaintiff's Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff presents no relevant factual allegations in his Complaint to support his claims against Trans Union, instead making only speculative and conclusory allegations. Plaintiff's allegations do not provide Trans Union with adequate notice of the basis of the claims asserted against it, and Trans Union's Motion to Dismiss should be granted.

## III. APPLICABLE LEGAL STANDARD

A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that the plaintiff cannot prove any set of facts that would entitle it to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401-02 (5th Cir.1996). The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Beanal v. Freeport McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir.1999).

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) ). A "plausible claim for relief" is one where the claimant pleads "factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Such a claim "asks for more than a sheer possibility that a defendant has acted unlawfully," and requires more than the assertion of facts "that are 'merely consistent with' a defendant's liability*." Id.* (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). A court should therefore identify and reject legal conclusions unsupported by factual allegations because they "are not entitled to the assumption of truth." *Id.*

When considering a motion to dismiss for failure to state a claim, "conclusory allegations or legal conclusions masquerading as factual conclusions" will not suffice to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993). Specifically, a motion to dismiss will be granted when "the factual averments do not justify recovery on some theory adumbrated in the complaint… ." *Podiatrist Ass'n v. La Cruz Azul de P.R., Inc.*, 332 F.3d 6, 19 (1st Cir.2003). "The threshold for stating a claim may be low, but it is real." *Id*. " The complaint must therefore set forth factual allegations, either direct or inferential, supporting each material element necessary to sustain recovery under some actionable legal theory." *Id*.

### IV.   ARGUMENT AND AUTHORITIES

#### A. *PRO SE* LITIGANTS

Plaintiff is a *pro se* litigant. While the pleadings of a *pro se* plaintiff are to be held to less stringent standards than those drafted by an attorney, "a *pro se* litigant must still meet minimal pleading standards." *Roberts v. Choate Constr. Co.*, No. 5:11-cv-120-Oc-32TBS, 2011 U.S. Dist. LEXIS 121551, at *5 (M.D. Fla. Oct. 20, 2011) (quoting *Eidson v. Arenas*, 910 F. Supp. 609, 612 (M.D. Fla. 1995)(citation omitted)); *see also Braggs v. Keith Realty Midtown/Corp. Overseer*, 2010 U.S. Dist. LEXIS 74983, at *3 (S.D. Ala. 2011) ("A pro se litigant is 'subject to

the relevant law and rules of court, including the Federal Rules of Civil Procedure") (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)); *and Price v. Porter*, 351 Fed. Appx 925, 926 (5th Cir. 2009) ("[P]*ro se* litigants are not exempt from compliance with the relevant rules of procedure and substantive law").

While courts should show leniency to *pro se* litigants, "leniency does not give a court license to serve as *de facto* counsel for a party…or to rewrite an otherwise deficient pleading in order to sustain an action..." *Roberts*, 2011 U.S. Dist. LEXIS 121551, at * 5 (quoting *GSR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Additionally, "even a *pro se* litigant must allege the essential elements of a claim for relief, and vague and conclusory allegations are insufficient to state a claim." *Michaels v. Satish*, 2011 U.S. Dist. LEXIS 86568, at *5 (S.D. Fla. Jul. 18, 2011). Courts have repeatedly refused to supply essential elements of a claim for a *pro se* plaintiff if those facts are not initially plead in the complaint. *Id.* (citing *Harris v. Evans*, 20 F.3d 1118 (11th Cir. 1994)).

## B. PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6)

### 1. Plaintiff's Amended Complaint Fails to State Facts Sufficient to Support a Claim for Relief Pursuant to § 1681g

Plaintiff's Amended Complaint is subject to dismissal under Rule 12(b)(6) because it fails to state facts sufficient to support a claim for relief under the FCRA. Plaintiff alleges that Trans Union "failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1)." *See* Amended Complaint, at ¶ 58. Section 1681g(a)(1) states that upon request, a consumer reporting agency shall disclose "[a]ll information in the consumer's file at the time of the request," except that (A) if the consumer

requests that his social security number be masked the CRA shall do so, and (B) the CRA is not required to disclose information about credit scores "or any other risk scores or predictors relating to the consumer." 15 U.S.C. § 1681g(a)(1). To prevail on a claim based on Section 1681g(a)(1), then, a plaintiff must adequately plead that the CRA failed to provide the consumer with the consumer file.

> 2. **"Consumer file" is defined as the information contained in a consumer's disclosure/credit report**

Plaintiff claims that Trans Union violated 15 U.S.C. § 1681g, which requires Trans Union to disclose in writing all of the information pertaining to the consumer in files of the consumer reporting agency ("CRA") at the time a request is made. Federal courts and the Federal Trade Commission ("FTC"), the federal agency formerly charged with enforcing and interpreting the FCRA,[1] have limited the scope of the term "file" to material included in a consumer report that would be sent to a third party. The Seventh Circuit in *Gillespie v. Trans Union Corp.* held that "file" meant information contained in a consumer report produced by the CRA. *See* 482 F.3d 907. 908-10 (7th Cir. 2007). *Gillespie* cites the FTC's commentary on § 1681g(a)(1) regarding the limited scope of the term "file": "The term 'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." *Id.* at 909 (quoting 16 C.F.R. pt. 600, app. § 603). "Congress, it seems, chose to limit the right to contest

---

[1] The interpretation and enforcement of the FCRA transferred from the FTC to Consumer Financial Protection Bureau ("CFPB") after passage of the Consumer Financial Protection Act of 2010. In preparation for the transition, in July 2011, the FTC published "40 Years of Experience with the Fair Credit Reporting Act – An FTC Staff Report with Summary of Interpretations" ("40 Years Commentary"). The report stated that the CRA must disclose all items in the consumer's file, but that "ancillary records", for example, "a CRA's audit trail of changes it makes in the consumer's file, billing records, or the contents of a consumer relations folder, are not included in the term 'information in the consumer's file.'" *See* 40 Years Commentary, p. 71.

The pervasiveness and significance of the FTC interpretation remains true today. The CFPB has not issued any contrary interpretation and has cited the 40 Years Commentary in amicus briefs on other topics. *See Moran v. The Screening Pros, LLC*, 9th Cir. Cause No. 12-57246 10/4/13, Dkt. 22.

information to material *actually contained in consumer reports*. And of course it was free to draw the line as it did." *Gillespie*, 482 F.3d at 910 (emphasis added).

In *Gillespie*, the plaintiff argued that the phrase "information … that might be furnished, or has been furnished," would include the date of delinquency or purge date which was excluded from the consumer disclosure, because the defendant might supply that information in the future. *Id.* at 909. However, the Court was not persuaded by this argument, instead finding that a more reasonable interpretation "would require some showing—aside from the existence of the purge date in its file—that Trans Union included similar information in a consumer report in the past or that it plans to do so in the future." *Id.* Thus, *Gillespie* held that "file" means information contained in the consumer report, "not their entire files in whatever form maintained by the CRA." *Id.* at 909.

3. **Plaintiff confuses a "consumer disclosure" with "credit report"**

Plaintiff's Amended Complaint repeatedly conflates the terms "consumer file disclosure" and "credit report" or "consumer report." A "consumer report" is different than a consumer disclosure. *Pettway v. Equifax Info. Servs., LLC*, 2010 U.S. Dist. LEXIS 13800, at *22 (S.D. Ala. Feb. 12, 2010). "Consumer reports" are generated by a CRA and delivered to a third party for use in deciding whether the consumer is eligible for credit or for other purposes. *Id.* (citing 15 U.S.C. § 1681a(d)).

In contrast, a "consumer disclosure" or "consumer file" is a CRA's file that is provided to the consumer, not to third parties, that contains information about the consumer recorded and retained by the CRA. *Id.* (citations omitted). In other words, there cannot be a consumer report without delivery to a third party. *Wantz v. Experian Information Solns.*, 386 F.3d 829, 834 (7th Cir. 2004), *abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).

      4.      **Plaintiff admits he received two copies of his consumer disclosure**

Plaintiff's sole allegation against Trans Union is that he did not receive his "full consumer file disclosure" as requested. *See* Amended Complaint, at ¶¶ 23-24, 58. Plaintiff states that he sent Trans Union a request for his full consumer file disclosure, and in response received a copy of his credit report. *Id.* at ¶¶ 23-24. He sent a response to Trans Union requesting "ALL INFORMATION" in his consumer file, and cited 15 U.S.C. § 1681g(a) for categories of information specifically requested. *Id.* at Ex. 1. In response, Trans Union sent him another copy of his credit report. *Id.* at ¶ 32. Plaintiff does not dispute that he received these disclosures from Trans Union upon his request, as required by § 1681g.

As set forth fully in the section below, Plaintiff claims, without a factual basis, that the information he received when he requested the "full consumer file disclosure" was not his entire consumer file. Plaintiff admits that Trans Union twice sent him his consumer disclosure upon request for his "full consumer file disclosure," and provides no support for his conclusory allegation that the documents received did not constitute his full disclosure file. Accordingly, Plaintiff has failed to allege sufficient facts to support a cause of action against Trans Union under the FCRA, and the Court should dismiss his claims under Rule 12(b)(6).

      5.      **Plaintiff provides no factual basis for his assertion that the "Trans Union Credit Report" was not his "full consumer file disclosure"**

Plaintiff makes no claim that any of the information contained in his consumer disclosure was inaccurate or that any specific information that should have been in the disclosure was missing. Rather, he speculates with no factual basis that information has been excluded from his consumer file. As in his Complaint, Plaintiff speculates that the consumer file includes the following categories of information which he was not provided:

- "information that was previously shown in his credit reports";

- "additional information never seen by him that is provided to prospective creditors, insurers or employers who request information on Plaintiff," *Id.* at ¶ 38;
- "negative codes among other things that are provided to prospective creditors, insurers or employers" *Id.* at ¶ 39; and
- "…far more information relating to Plaintiff in [Defendants'] files and databases including archived information that Plaintiff has never had access to or had the opportunity to review for accuracy." *Id.* at ¶ 41.

Specifically, he alleges "**[u]pon information and belief**" that these types of information are missing from his disclosure. *Id.* at ¶¶ 42, 43, and 45 (emphasis added). Since the decision of *Twombly* and *Iqbal*, various district courts have stated that a plaintiff may plead facts "upon information and belief" in two circumstances: 1) where the facts are peculiarly within the possession and control of the defendant, or 2) where the belief is based on factual information that makes the inference of culpability facially plausible. *See, e.g.*, *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010); *Mathews v. Bowie County*, 2013 U.S. Dist. LEXIS 130978 (E.D. Tex. Sept. 13, 2013). However, the "mere invocation of the phrase 'information and belief' does not circumvent the pleader's responsibility to set forth a claim for relief which is plausible on its face—in other words, a claim which presents factual content allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Mathews*, 2013 U.S. Dist. LEXIS 130978 at *8.

In the Amended Complaint, Plaintiff specifically states that he is "not making any claim whatsoever regarding information that HAS been provided to a third party that he is aware of." *See* Amended Complaint, ¶ 43. Rather, Plaintiff makes the speculative claim he has not been provided "ALL information in his **full consumer file** that may have been at some time in the past provided to an unknown third party or MIGHT be provided at some time in the future to a third party." *Id.* This is nothing more than speculation. Plaintiff provides no factual basis for his conclusory assertion that information is missing from his consumer file. Moreover, as the *Gillespie* Court held, Plaintiff would need to show that Trans Union LLC *had included* such

information in a consumer report in the past, or that *it planned to do so* in the future. *See Gillespie*, 482 F.3d at 909. In this case, Plaintiff makes neither claim.

In this case, Defendant Trans Union LLC received Plaintiff's request for his "full consumer file disclosure," and sent him the information contained in his file at that time. Plaintiff's Amended Complaint contains mere conclusory statements and speculation, and provides no factual basis for the assertion that any specific information has been excluded from his consumer disclosure as defined in § 1681g and in the case law cited above. His Amended Complaint should thus be dismissed because he has not adequately pled any recognizable cause of action under § 1681g.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union respectfully requests that this Honorable Court dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and for such other relief as the Court deems necessary.

Respectfully submitted,

*/s/ Franklin G. Cosmen, Jr.*
**FRANKLIN G. COSMEN, JR.**
Florida Bar No. 0089214
**QUINTAIROS, PRIETO, WOOD & BOYER P.A.**
9300 S. Dadeland Blvd, 4th Floor
Miami, Florida  33156
Telephone: (305) 670-1101
Facsimile:  (305) 670-1161
Email: fcosmen@qpwblaw.com
*Counsel for Trans Union LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

| | |
|---|---|
| Erika Stephanie Handelson<br>ehandelson@jonesday.com<br>Jones Day<br>600 Brickell Avenue, Suite 3300<br>Miami, FL 33131<br>(305) 714-9700<br>(305) 714-9799 Fax<br>*Counsel for Experian Information Solutions, Inc.* | John Anthony Love<br>tlove@kslaw.com<br>King & Spalding<br>1180 Peachtree Street NE<br>Atlanta, GA 30309<br>(404) 572-4600<br>*Counsel for Equifax, Inc.* |

and I hereby certify that I have mailed by United States Postal Service the above and foregoing document to the following non-CM/ECF participants:

James W. Scott
3457 Deercreek Palladian Circle
Deerfield Beach, FL 33442
(954) 540-0408
jwsscott777@gmail.com
*Pro Se Plaintiff*

*/s/ Franklin G. Cosmen, Jr.*
**FRANKLIN G. COSMEN, JR.**