**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | | |
|---|---|---|
| JAMES W. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 0:18-cv-60178-CMA |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; TRANS UNION | ) | |
| LLC; EQUIFAX, INC.; EQUIFAX | ) | |
| INFORMATION SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff James W. Scott's First Amended Complaint for Violations of the FCRA (the "Amended Complaint"). Experian denies, generally and specifically, any and all allegations in the Amended Complaint not specifically admitted in the paragraphs below. Experian's investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this answer.

In response to the numbered paragraphs in the Amended Complaint, Experian states as follows:

### JURISDICTION[1]

1.     In response to paragraph 1 of the Amended Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Experian states that this is a legal conclusion which is not subject to denial or admission.

---

[1] For ease of reference, Experian incorporated into its answer the primary headings used by Plaintiff in the Amended Complaint, although Experian does not adopt, either expressly or by

2.      In response to paragraph 2 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## PARTIES

3.      In response to paragraph 3 of the Amended Complaint, Experian admits the Plaintiff is James W Scott.  As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 3 of the Amended Complaint.

4.      In response to paragraph 4 of the Amended Complaint, Experian admits that it, as a separate and distinct legal entity, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) with a corporate office at 475 Anton Blvd., Costa Mesta, CA 92626.  In response to the remaining allegations in paragraph 4 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein on the grounds that it does not understand the allegations as pled.

5.      In response to paragraph 5 of the Amended Complaint, Experian admits that it issues consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties.  In response to the remaining allegations in paragraph 5 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein on the grounds that it does not understand the allegations as pled.

---

implication, any statements contained in those headings.  Experian has also numbered its paragraphs to mirror the numbering in the Amended Complaint to facilitate review.

6.      In response to paragraph 6 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7.      In response to paragraph 7 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.      In response to paragraph 8 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9.      In response to paragraph 9 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.      In response to paragraph 10 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.      In response to paragraph 11 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12.     In response to paragraph 12 of the Amended Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 12 inconsistent therewith.  As to the remaining allegations in paragraph 12,  Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation.

13.     In response to paragraph 13 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.     In response to paragraph 14 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15.     In response to paragraph 15 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16.     In response to paragraph 16 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## VENUE

17.    In response to paragraph 17 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.    In response to paragraph 18 of the Amended Complaint, Experian admits that Plaintiff has alleged venue in the Southern District of Florida is proper.  Experian states that this is a legal conclusion which is not subject to denial or admission.

## GENERAL ALLEGATIONS

19.    In response to paragraph 19 of the Amended Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 19 inconsistent therewith.  As to the remaining allegations in paragraph 19, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation.

20.    In response to paragraph 20 of the Amended Complaint, Experian admits that a portion of Exhibit 1 appears to be a redacted copy of the letter that Plaintiff sent to Experian, which contained a request for a consumer disclosure.  Experian denies that it received Plaintiff's letter on September 20, 2017.  Except as expressly admitted or otherwise addressed, Experian denies the allegations in paragraph 20 of the Amended Complaint.

21.     In response to paragraph 21 of the Amended Complaint, Experian denies that its response to Plaintiff's September 2017 request was not responsive.  Experian avers that it sent Plaintiff his consumer disclosure information, along with other information related to the dispute process.  Except as expressly admitted or otherwise addressed, Experian denies the allegations in paragraph 21 of the Amended Complaint.

22.     In response to paragraph 22 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23.     In response to paragraph 23 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24.     In response to paragraph 24 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25.     In response to paragraph 25 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26.     In response to paragraph 26 of the Amended Complaint, Experian admits that some allegations contained therein and in Exhibit 1 purport to describe what the Fair Credit Reporting

Act requires.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 26 and Exhibit 1 inconsistent therewith. Experian further admits that some allegations in paragraph 26 purport to describe Exhibit 1. Experian avers that Exhibit 1 speaks for itself.  Except as expressly admitted or otherwise addressed, Experian denies the allegations in paragraph 26 of the Amended Complaint.

27.     In response to paragraph 27 of the Amended Complaint, Experian denies that Plaintiff's September 2017 request for a consumer disclosure was Plaintiff's first request within 12 months.  Experian admits that a copy of what appears to be Plaintiff's driver's license and social security card was attached to the September 2017 request.  As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation.

28.     In response to paragraph 28 of the Amended Complaint, Experian denies that it failed to comply with Plaintiff's request.  Experian affirmatively states it provided Plaintiff with his consumer disclosure.  Experian admits that Plaintiff sent another communication to Experian, requesting a full consumer file disclosure.  As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29.     In response to paragraph 29 of the Amended Complaint, Experian denies that Plaintiff never requested a credit report from Experian.  As to the remaining allegations,  Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in paragraph 29 of the Amended Complaint.

30.     In response to paragraph 30 of the Amended Complaint, Experian denies that it failed to provide Plaintiff with all information to which he is entitled under 15 U.S.C. § 1681g(a)(1).  Experian further denies that the information it provided was not responsive to Plaintiff's October 2017 request.  Except as expressly admitted or otherwise addressed, Experian denies the allegations in paragraph 30 of the Amended Complaint.

31.     In response to paragraph 31 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32.     In response to paragraph 32 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33.     In response to paragraph 33 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies that all documents provided were completely legible.

34.     In response to paragraph 34 of the Amended Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 34 inconsistent therewith.  As to the remaining allegations in paragraph 34, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 34 of the Amended Complaint.

35.     In response to paragraph 35 of the Amended Complaint, Experian denies that the only form of communication between Plaintiff and Experian has been letters.  As to the remaining allegations in paragraph 35 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation.

36.     In response to paragraph 36 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37.     In response to paragraph 37 of the Amended Complaint, Experian denies that Plaintiff did not request a credit report, credit disclosure, or anything else using the words "credit" or "report" from Experian.  Experian admits that some allegations in paragraph 37 of the Amended Complaint purport to describe what the Fair Credit Reporting Act requires.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 37 inconsistent therewith.  As to the remaining allegations in paragraph 37 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation.

38.     In response to paragraph 38 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the FCRA, that it has not already disclosed to Plaintiff in a consumer disclosure.  As to the remaining allegations in paragraph 38, Experian does not have knowledge or information sufficient to form a belief as to

the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 38 of the Amended Complaint.

39.     In response to paragraph 39 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the FCRA, that it has not already disclosed to Plaintiff in a consumer disclosure.  Experian denies that it provides information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also disclose to Plaintiff in a consumer disclosure, with the exception of information in 15 U.S.C. § 1681g(a)(1)(B).  As to the remaining allegations in paragraph 39, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 39 of the Amended Complaint.

40.     In response to paragraph 40 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the FCRA, that it has not already disclosed to Plaintiff in a consumer disclosure.  Experian admits that some allegations contained in paragraph 40 purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 44 inconsistent therewith.  As to the remaining allegations in paragraph 40, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 40 of the Amended Complaint.

41.     In response to paragraph 41 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the FCRA, that it has not already disclosed to Plaintiff in a consumer disclosure.  Experian denies that it provides

information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also disclose to Plaintiff in a consumer disclosure, with the exception of information in 15 U.S.C. § 1681g(a)(1)(B).  Experian admits that some allegations contained in paragraph 41 purport to describe what the Fair Credit Reporting Act requires.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 41 inconsistent therewith.  As to the remaining allegations in paragraph 41, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 41 of the Amended Complaint.

42.     In response to paragraph 42 of the Amended Complaint, Experian denies that it failed to provide Plaintiff with the consumer information to which he was entitled under the Fair Credit Reporting Act.  Experian further denies that Plaintiff never made requests from Experian using the words "credit" or "report."  As to the remaining allegations in paragraph 42, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 42 of the Amended Complaint.

43.     In response to paragraph 43 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

44.     In response to paragraph 44 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

45.    In response to paragraph 45 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the Fair Credit Reporting Act or other law, that it has not already disclosed to Plaintiff in a consumer disclosure.  Experian denies that it provides information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also disclose to Plaintiff in a consumer disclosure, with the exception of information in 15 U.S.C. § 1681g(a)(1)(B).  As to the remaining allegations in paragraph 45, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 45 of the Amended Complaint.

46.    In response to paragraph 46 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

47.    In response to paragraph 47 of the Amended Complaint, Experian admits that some allegations contained in paragraph 47 purport to describe what the Fair Credit Reporting Act requires.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 47 inconsistent therewith.  As to the remaining allegations in paragraph 47, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 47 of the Amended Complaint.

48.     In response to paragraph 48 of the Amended Complaint, Experian denies that it has violated the Fair Credit Reporting Act and denies that it is liable to Plaintiff for any alleged damages.  Experian further denies that it failed to provide a consumer disclosure to Plaintiff that contained all of the consumer information required by 15 U.S.C. § 1681g.  As to the remaining allegations in paragraph 48 of the Amended Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 48 of the Amended Complaint.

49.     In response to paragraph 49 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

50.     In response to paragraph 50 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT I

51.     In response to paragraph 51 of the Amended Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-50 as if fully set forth herein.

52.     In response to paragraph 52 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 52 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

53.     In response to paragraph 53 of the Amended Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

54.     In response to paragraph 54 of the Amended Complaint, Experian denies that it failed to provide Plaintiff with his consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1). Experian further denies that it violated the Fair Credit Reporting Act.

In response to the unnumbered paragraph following paragraph 54 of the Amended Complaint beginning "WHEREFORE," Experian denies, generally and specifically, that Plaintiff has suffered any damages or that he is entitled to judgment against Experian or to any relief whatsoever from Experian.

## COUNT II

55.     In response to paragraph 55 of the Amended Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-54 as if fully set forth herein.

56.     In response to paragraph 56 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

57.     In response to paragraph 57 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

58.     In response to paragraph 58 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 58 of the Amended Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT III

59.     In response to paragraph 59 of the Amended Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-58 as if fully set forth herein.

60.     In response to paragraph 60 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

61.     In response to paragraph 61 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

62.     In response to paragraph 62 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 62 of the Amended Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## **DEMAND FOR TRIAL BY JURY**

In response to the unnumbered paragraph at the top of page 13 of the Amended Complaint, Experian admits that Plaintiff has demanded trial by jury on all issues triable.

To the extent not admitted herein, all material allegations of the Amended Complaint are denied.

## **DEFENSES**

In further response to the Amended Complaint, Experian hereby pleads the following defenses and affirmative defenses on information and belief. By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof or the burden of persuasion with respect to any of these defenses. Experian reserves the right to amend its answer and assert additional defenses should investigation and discovery, which could not be completed before the deadline for filing this answer, indicate such defenses are warranted.

1.     The Amended Complaint and exhibits, and each cause of action thereof, fail to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian. The Amended Complaint's deficiencies include, but are not limited to, failing to plead willfulness and injury sufficiently. Moreover, the Amended Complaint demonstrates that

Experian complied with the Fair Credit Reporting Act and provided plaintiff with his consumer disclosures in response to Plaintiff's September 2017 and October 2017 requests.

2.       Plaintiff's claims and any recovery based thereon are barred in whole or in part because Plaintiff suffered no injury.  Accordingly, Plaintiff lacks standing under applicable federal law to bring these claims against Experian.

3.       The Amended Complaint, and each claim for relief therein that seeks equitable relief, are barred by the doctrine of unclean hands.

4.       The Amended Complaint fails to allege facts sufficient to support a claim for attorneys' fees.

5.       The Amended Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, especially since Experian provided Plaintiff with his consumer disclosures, and thus any implicit request for punitive damages is improper.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(A)     That Plaintiff take nothing by virtue of the Amended Complaint herein and that this action be dismissed in its entirety;

(B)     For costs of suit and attorneys' fees herein incurred; and

(C)     For such other and further relief as the Court may deem just and proper.

Dated:  April 30, 2018

Respectfully submitted,

*s/ Erika S. Whyte*

Erika S. Whyte
Florida Bar No. 91133
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone:  (305) 714-9700
Facsimile:  (305) 714-9799
ewhyte@jonesday.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 30, 2018, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that I served a true and correct copy of the foregoing document on all counsel or parties of record on the service list via transmission of Notices of Electronic Filing generated by CM/ECF.  I further certify that I served a true and correct copy of the foregoing document by mail to the Plaintiff at the following address:

> James W. Scott
> jwsscott777@gmail.com
> 3457 Deercreek Palladian Circle
> Deerfield Beach, FL 33442
> 954-540-0408
> *Pro Se Plaintiff*

<u>*/s/ Erika S. Whyte*</u>
Erika S. Whyte
