# EXHIBIT 1

## Frihat v. Citimortgage, Inc.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AKRAM A. FRIHAT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07–0946-CV-W-HFS |
| ) | |
| CITIMORTGAGE, INC., et al., ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the court is the motion of defendant, Equifax Inc., to dismiss, or, alternatively, for summary judgment. Also, before the court are the motions of defendants, Citimortgage Inc. and Experian Information Solutions, Inc., to join in that part of Equifax's motion to dismiss. Plaintiff did not oppose, or respond in any fashion to the motions, and by order dated November 3, 2009, was directed to show cause why the relief sought should not be granted. There continues to be no response to the motion and plaintiff failed to comply with the Nov. 3rd order; thus, the motions will be deemed fully briefed and appropriate for ruling.

**Factual Background**

It bears noting that this is the second action plaintiff has commenced against these defendants. In the prior case, 06-344[1], plaintiff filed suit in state court and defendants removed the action to this court. Defendant, Trans Union, LLC, subsequently sought an order compelling plaintiff

---

[1]In that action plaintiff asserted a claim for defamation against all defendants, and as against defendant, Principal Residential Mortgage, Inc., a claim for breach of contract.

to respond to interrogatories and requests for production of documents, and for *signed* responses to requests for admission.[2] Although full relief was not granted, I noted that the discovery process had been severely hampered by plaintiff's failure to cooperate, as well as the strong likelihood that the case might be removed from the current trial setting. (Case No. 06-344; Order dated Apr. 2, 2007). Therefore, plaintiff was directed to immediately respond to defendant's discovery requests and to commence full participation in the discovery process; plaintiff was advised that the failure to do so could result in consideration of dismissal as a sanction. (Id.)

Based on plaintiff's continued non-compliance with the order to participate in discovery, defendants Trans Union and Principal Residential Mortgage, Inc. sought dismissal with prejudice of plaintiff's claims pursuant to Fed.R.Civ.P. 37(b)(2). In response, plaintiff claimed an inability to locate case law that mandated a party to conduct discovery, and sought to voluntarily dismiss his claims without prejudice pursuant to Fed.R.Civ.P. 41(a)(2). Generally speaking, counsel determines his or her own litigation strategy; however, contrary to the contention of plaintiff's counsel, both case law and the federal and local rules provide for the imposition of sanctions, up to and including dismissal, for failure to respond to discovery requests and court orders to do so. Dillard v. Hawley, 2007 WL 1080093 *2 (D.Minn.). In considering dismissal of plaintiff's claims, the relevant factors enunciated in Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941 (8th Cir. 1999) were considered. The case was dismissed, albeit without prejudice, and sanctions were imposed on plaintiff's counsel in the amount of $250.00.[3] (Case No. 06-344; Order dated Jun. 18, 2007).

On October 26, 2007, plaintiff again commenced an action in state court asserting a claim

---

[2]Counsel for Trans Union stated that over a five month period he made at least ten requests for discovery, plaintiff's counsel promised to comply but failed to do so.

[3]The finance department reports that payment has been received.

for defamation against Citimortgage Inc.[4], Trans Union, LLC, Equifax, and Experian Information Solutions, Inc., for defamation, and as against Citimortgage, a claim for beach of contract. On December 20, 2007, Trans Union removed the action to this court. (Case No. 07-946). Trans Union and Citimortgage subsequently sought attorneys' fees and costs of the previously dismissed case (doc. 22); and by order dated March 24, 2009, the joint motion was granted (doc. 49). The action was stayed pending receipt of payment, and plaintiff was cautioned that the failure to pay the fees in a timely fashion could result in the dismissal of his claims for failure to prosecute. (Id).[5]

In the instant matter, Equifax seeks dismissal of plaintiff's claims pursuant to Fed.R.Civ.P. 41(b) due to plaintiff's failure to prosecute this case and for failing to comply with the March 24th order directing the payment of fees. Equifax states that plaintiff has not served any written discovery in this case, and has not taken any depositions. (Supporting Suggestions: ¶¶ 5-6). Additionally, plaintiff has failed to pay the assessed attorneys' fees and costs. (Id: Exh. A, Declaration of attorney Michael D. Douglas). Alternatively, Equifax contends that it is entitled to summary judgment on plaintiff's sole claim for defamation because, among other things, it is not a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) of the Fair Credit Reporting Act "FRCA"and did not issue any consumer reports or any other defamatory statements concerning plaintiff.[6]

Citimortgage and Experian join in that part of Equifax's motion to dismiss for failure to

---

[4]Successor in interest to Principal Residential Mortgage, Inc.

[5]Based on the circumstances presented, the motions will be reviewed notwithstanding the stay.

[6]Equifax states that it is a holding company, but does not derive any income from its ownership interests in its subsidiaries, and is not in the business of assembling or evaluating consumer credit information for the purpose of furnishing reports to third parties. (Affidavit of Assistant Vice President, Kathryn J. Harris, Exh. B, ¶¶ 3-7). Equifax also states that while it's subsidiary, Equifax Information Services LLC "EIS," is a consumer reporting agency, EIS is a distinct company. (Id: ¶ 9).

prosecute. Each defendant states that plaintiff has failed to pay the attorneys' fees and costs, and seeks dismissal *with* prejudice.

**Standards of Review**

A.   Summary Judgment

In determining whether summary judgment should issue. The facts and inferences from these facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the movant to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Jackson v. Internal Revenue Service, 2009 WL 1662961 (E.D.Mo.); citing, Fed.R.Civ.P. 56(c). The non-moving party "must do more than show that there is some metaphysical doubt as to the material facts." Id., (citations and quotations omitted). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action' ".Id.

In addition to its contention that it did not issue any credit reports regarding plaintiff, Equifax cites caselaw where it was held under similar circumstances that it was not a consumer reporting agency for purposes of the FRCA. See, Slice v. Choicedata Consumer Services, Inc., 2005 WL 2030690 *3 (E.D.Tenn); see also, Weiler v. Equifax, Inc., Case No. 99-936 (Slip Op. W.D.Pa. Nov. 16, 2000) (summary judgment entered in favor of Equifax where it was shown that Equifax is a holding company even though its subsidiaries include consumer reporting agencies). Here, Equifax has met its burden and plaintiff has failed to meet his, despite additional opportunity to do so.

Consequently, summary judgment will be granted in favor of Equifax.

B.     Motion to Dismiss

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss a case for failure to prosecute a claim or comply with court orders; unless otherwise specified, such dismissal operates as an adjudication on the merits. Rodgers v. Curators of University of Missouri, 135 F.3d 1216, 1219 (8th Cir. 1998). In determining whether to grant a motion to dismiss for failure to prosecute a court should consider and balance its need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to defendants from delay, with the policy favoring disposition of cases on their merits. Boyle v. American Auto Service, Inc., 571 F.3d 734, 738 (8th Cir. 2009). The first two policy considerations suggest that rule 41(b) is in large part a housekeeping measure related to the efficient administration of judicial business for the benefit of all litigants with cases pending. Boyle, at 738 (citations omitted). The two remaining policy considerations are prejudice and delay. Id, at 739. Thus, a failure to diligently prosecute an action may be "sufficient by itself to justify a dismissal" and an unreasonable delay in prosecuting an action "creates a presumption of injury to appellees' defenses. Id. (internal quotations and citations omitted). Consequently, a determination as to whether actual prejudice is present "may be an important factor in deciding whether a given delay is 'unreasonable.' " Id. (internal quotations and citation omitted). Nonetheless, the competing concern of disposing of cases on the merits must also be considered. Id, at 739.

Therefore, the relevant question is "whether there has been sufficient delay or prejudice to

justify dismissal of the plaintiff's case" - generally, "[t]he longer the delay the more likely prejudice becomes." Id. The movant must come forward with some facts indicating delay on the part of the plaintiff, and in most cases, as here, such facts are apparent on the face of the motion papers. However, only unreasonable delay will support a dismissal for lack of prosecution, and the burden of persuasion on the issue of reasonableness falls to the plaintiff in that he or she must render an excuse for the delay and the lack of prejudice to the defendant. Id. However, where as here, the plaintiff proffers no pleading or presents no proof on the issue of reasonableness, the defendants, Citimortgage and Experian, win.

As previously noted however, Citimortgage and Experian seek dismissal *with prejudice*. "Dismissal with prejudice is an extreme sanction and should be used only in cases of wilful disobedience of a court order or ... persistent failure to prosecute a complaint." Rodgers v. Curators of University of Missouri, 135 F.3d, at 1219. Moreover, in balancing the policy considerations against the competing concern of disposal of cases on the merits, the action will be dismissed against these defendants, but *without prejudice*. Stark v. Maines, 2009 WL 2999143 (W.D.Mo.); Flowers v. Cook, 2008 WL 5244900 (E.D.Ark.).

Accordingly, it is hereby

ORDERED that the motion of Equivax Inc. to dismiss, or alternatively, for summary judgment (ECF doc. 54) is GRANTED in part and DENIED in part. Summary judgment in favor of Equifax is granted on the sole claim of defamation, and Equivax is dismissed from this action. It is further

ORDERED that the motions of Citimortgage and Experian to dismiss (ECF docs. 57 and 58) are GRANTED in part and DENIED in part. Plaintiff's claims against these defendants are DISMISSED without prejudice, subject to reconsideration of dismissal with prejudice in the event

previously assessed attorneys' fees and costs are not paid to Trans Union and Citimortgage within ninety days from the date of this order. It is further

ORDERED that this action remains stayed as to defendant Trans Union unless the previously assessed attorneys' fees and costs are paid within ninety days from the date of this order. In the event of plaintiff's failure to comply, upon motion, dismissal with prejudice will be considered.

    /s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

December 1 , 2009

Kansas City, Missouri