IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT LAUDERDALE DIVISION

**CASE NO. 0:18-CV-60178-CMA**

JAMES W. SCOTT,

                Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and EQUIFAX, INC.,

                Defendants.

_____/

**DEFENDANTS' JOINT REPLY TO PLAINTIFF'S
MEMORANDUM IN OPPOSITION TO THEIR COMBINED MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendants Trans Union LLC ("Trans Union"), Equifax Inc. and Equifax Information Services LLC ("Equifax"), or ("the Defendants"), hereby file this Reply to Plaintiff's Response in Opposition and Memorandum to Their Combined Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and would respectfully show the Court as follows:

**I.    EQUIFAX INC. IS NOT A CONSUMER REPORTING AGENCY.**

In his Response in Opposition, Plaintiff argues without any factual or legal basis that anything that bears the name Equifax is attributable to Equifax Inc., and not any of its subsidiaries or affiliates. (Doc. 47 at 3-4). Plaintiff's arguments ignore the definition of a consumer reporting agency stated in the FCRA:

> any person which, for monetary fees … regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

15 U.S.C. § 1681a(f). Equifax Inc.'s activities in relation to its subsidiaries do not make it a consumer reporting agency as defined by the FCRA. Rather, the sole issue is whether Plaintiff provides a factual and legal predicate to allege that Equifax Inc.'s activities fit the definition of a

1

consumer reporting agency as stated in § 1681a(f). Plaintiff fails to do so in his Amended Complaint. In his Response in Opposition, Plaintiff does not posit a legal basis to hold the parent of a consumer reporting agency necessarily liable for the acts of the consumer reporting agency itself.

In the Motion to Dismiss, Equifax cited numerous cases that hold that Equifax Inc. is not a consumer reporting agency. (Doc. 46 at 6-7 (citing *McDonald v. Equifax Inc.*, No. 3:15-CV-3212-B, 2017 WL 879224 (N.D. Tex. Mar. 6, 2017); *Greear v. Equifax, Inc.*, No. 13-11896, 2014 WL 1378777, at *1 (E.D. Mich. Apr. 8, 2014); *Channing v. Equifax, Inc.*, ., No. 5:11-CV-293-FL, 2013 WL 593942, at * 2 (E.D.N.C. Feb. 15, 2013); *Slice v. Choicedata Consumer Servs., Inc.*, No. 3:04-CV-428, 2005 WL 2030690, at *3 (E.D. Tenn. Aug. 23, 2005); *Frihat v. Citimortgage, Inc.*, No. 07-CV-946, Doc. 60 at 4-5 (W.D. Mo. Dec. 1, 2009) (Doc. 33-1); *Persson v. Equifax Inc.*, No. 7:02-CV-511, Doc. 80 (W.D. Va. Oct. 28, 2002) (Doc. 33-3); *Weiler v. Equifax Inc.*, No. 2:99-CV-936, Doc. 29 at 2-4 (W.D. Pa. Nov. 16, 2000) (Doc. 33-4).

In his Response in Opposition, Plaintiff argues that the issue of whether Equifax Inc. is a consumer reporting agency should be resolved at the summary judgment stage. (Doc. 47 at 5). However, Plaintiff's Amended Complaint supplies the necessary facts to resolve the issue now, which makes this case differently situated than *Jones v. Equifax, Inc.* upon which Plaintiff relies. Plaintiff concedes that Equifax Inc. is a parent holding company of EIS. (Doc. 37 ¶ 7). Plaintiff's own exhibits confirm that he sent his requests to EIS, not Equifax Inc.. (Doc. 37 ¶¶ 22-23, 28, 31; Doc. 37 at 16; Doc. 37 at 21). The Consumer Financial Protection Bureau confirms that the address listed on Plaintiff's letters: "P.O. Box 740256, Atlanta, GA 30374" (Doc. 1-5 at 1; Doc. 1-8 at 1), is the address for EIS, not Equifax Inc. (https://www.consumerfinance.gov/ask-cfpb/how-can-i-contact-the-nationwide-credit-reporting-companies-with-general-inquiries-en-1225/).     Plaintiff

2

alleges that he received his consumer disclosure in response to his requests to that address. (Doc. 37 ¶¶ 22-23, 28, 31). Moreover, Plaintiff fails to cite a single decision that holds that Equifax Inc. is a consumer reporting agency.

Plaintiff relies on *Thomas v. Peacock*, 39 F.3d 493, 503 (4th Cir. 1994), *rev'd*, 516 U.S. 349 (1996), to argue that federal law controls the issue of piercing the corporate veil. (Doc. 47 at 8). However, *Thomas* is not authority for a rule that federal law governs this issue generally; instead, the Thomas court "concluded that the determination of whether to pierce the corporate veil ***in an ERISA action*** is made under federal law." *Id.* (emphasis added). ERISA is a totally different type of statute from the FCRA when it comes to federal common law. It is accepted doctrine that Congress specifically delegated to federal courts broad power to create federal common-law rights and obligations under employee benefit plans. Courts create rights and obligations to fill gaps in ERISA. *See, e.g.*, *Guardian Life Ins. Co. of Am. v. Finch*, 395 F.3d 238, 240 (5th Cir. 2004). Thus, ERISA cases applying common law are inapposite to cases involving the FCRA.

Far more importantly, Plaintiff fails to mention that the United States Supreme Court reversed the *Thomas* decision on the precise point on which Plaintiff relies:

> Thomas' veil-piercing claim does not state a cause of action under ERISA and cannot independently support federal jurisdiction. Even if ERISA permits a plaintiff to pierce the corporate veil to reach a defendant not otherwise subject to suit under ERISA, Thomas could invoke the jurisdiction of the federal courts only by independently alleging a violation of an ERISA provision or term of the plan. Piercing the corporate veil is not itself an independent ERISA cause of action, "but rather is a means of imposing liability on an underlying cause of action." 1 C. Keating & G. O'Gradney, Fletcher Cyclopedia of Law of Private Corporations § 41, p. 603 (perm. ed.1990). Because Thomas alleged no "underlying" violation of any provision of ERISA or an ERISA plan, neither ERISA's jurisdictional provision, 29 U.S.C. § 1132(e)(1), nor 28 U.S.C. § 1331 supplied the District Court with subject-matter jurisdiction over this suit.

*Peacock v. Thomas*, 516 U.S. 349, 353–54 (1996).

Plaintiff's conclusory allegations are insufficient to sufficiently plead his alter ego claim under Florida law. *See In re Hillsborough Holdings Corp.*, 166 B.R. 461, 468 (Bankr. M.D. Fla. 1994.). Plaintiff cannot save his claims against Equifax Inc. by creating a theory having no basis in reality. Plaintiff's allegations are not well-pled and therefore, should not be afforded any weight. Accordingly, the Court should dismiss Plaintiff's claims against Equifax Inc.

In his Response in Opposition, Plaintiff argues that, pursuant to *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010), EIS and Equifax Inc. are "each obligated to provide the full file on each consumer." (Doc. 47 at 10-11). This is flat wrong. *Cortez* involved a CRA that accessed information separately maintained by a third party. *Cortez*, 617 F.3d at 711. The CRA argued that it was not required by § 1681g to provide the separately maintained information because it was not part of its database. *Id.* The court, relying on *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 908-09 (7th Cir. 2007), held that § 1681g requires a CRA to provide to a consumer in a consumer disclosure, all information that it would furnish to a third party in a consumer report *regardless of where it might be stored. Id.* at 712.

Applying *Cortez* here, § 1681g requires EIS to provide all information to a consumer in a consumer disclosure that it would furnish to a third party in a consumer report regardless of where the information might be stored. However, *Cortez* has no application to Equifax Inc. because it is not a CRA. Moreover, § 1681g cannot impose a requirement on Equifax Inc. because it does not furnish consumer reports. Simply put, Equifax Inc. has no obligation to provide all information to a consumer in a consumer disclosure that it would furnish to a third party in a consumer report because it does not furnish consumer reports. Accordingly, the Court should grant the Motion to Dismiss Equifax Inc.

4

**II.    SECTION 1681g APPLIES ONLY TO A "CONSUMER DISCLOSURE FILE," NOT A "CREDIT REPORT" OR "CONSUMER REPORT."**

Plaintiff incorrectly states in his Response in Opposition that Defendants "conflat[e] the words disclosure and credit report . . . by arguing they are synonymous." Defendants absolutely do *not* contend that the phrases are synonymous—in fact, Defendants bring up the difference between the use of the terms to highlight the fact that Plaintiff's conclusory speculation regarding what information might be missing from his consumer file is inapplicable to his § 1681g claim. As set forth fully in Section II(B) of the Motion to Dismiss, a "consumer report" is generated by the CRA and delivered to a *third party*, whereas a "consumer disclosure" or "consumer file" is a CRA's file that is provided to the consumer, not to third parties, that contains information about the consumer recorded and retained by the CRA. (Doc. 46, p. 13). In other words, there cannot be a consumer report without delivery to a third party. *Norman v. Lyons*, 2013 U.S. Dist. LEXIS 24172 (N.D. Tex. February 22, 2013), at *7. "Accordingly, one cannot prove the existence of a 'consumer report' unless the report was furnished to a third party." *Id.*

In this case, Plaintiff received his <u>consumer disclosure</u>, because he is the consumer. There is no allegation that a <u>consumer report</u> was generated in this case—in fact, Plaintiff admits that he is "not making any claim whatsoever regarding information that HAS been provided to a third party that he is aware of." *See* Amended Complaint, ¶ 43. The information that Plaintiff assumes is missing includes:

- "information that was previously shown in his credit reports and additional *information that is provided to prospective creditors, insurers or employers who request information on Plaintiff* that Plaintiff has never seen or is aware of." (*id.* ¶ 38) (emphasis added)
- "negative codes among other *things that are provided to prospective creditors, insurers or employers*" (*id.* ¶ 39) (emphasis added)

These categories of information would apply only to *consumer reports* (sent to third parties) rather than a *consumer disclosure* (sent to the consumer), and thus have no bearing on Plaintiff's allegations of information he believes is missing from his *full consumer disclosure file*. Any assertions in the Amended Complaint regarding information submitted to third parties are thus purely speculative and not relevant to Plaintiff's claims.

Moreover, Plaintiff's sole cause of action in his Amended Complaint is violation of 15 U.S.C. § 1681g(a)(1). As Defendant stated in the Motion to Dismiss, § 1681g(a)(1) requires a consumer reporting agency to disclose information to the *consumer* upon request. This section has nothing to do with the information that is contained in a "consumer report" to a third party. Because Plaintiff's claim involves an alleged violation of § 1681g, the only disclosure at issue is that which is sent to the *consumer*.

### III.    EXTRINSIC EVIDENCE INTRODUCED IN PLAINTIFF'S OPPOSITION SHOULD BE DISREGARDED

It is well established that when considering a Rule 12(b)(6) motion, a court cannot look beyond the face of the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Plaintiff's Opposition introduces extrinsic evidence, including references to LexisNexis reports (p. 18; Ex. 5) and a CFB consent order (p. 19), none of which should be considered in the determination of whether the Amended Complaint adequately states a claim upon which relief may be granted. Plaintiff's Amended Complaint on its face does not factually demonstrate a claim upon which relief can be granted, so the Complaint should be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Amended Complaint be dismissed in its entirety and all claims against Defendants Trans Union LLC, Equifax Inc., and Equifax Information Services LLC be dismissed with prejudice.

Respectfully submitted,

*/s/ J. Anthony Love*

**J. ANTHONY LOVE**
Florida Bar No. 67224
King & Spalding LLP
1180 Peachtree Street NE
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
tlove@kslaw.com
*Counsel for Equifax Inc. and Equifax Information Services LLC*

*/s/ Franklin G. Cosmen, Jr.*

**FRANKLIN G. COSMEN, JR.**
Florida Bar No. 0089214
**QUINTAIROS, PRIETO, WOOD & BOYER P.A.**
9300 S. Dadeland Blvd, 4th Floor
Miami, Florida  33156
Telephone: (305) 670-1101
Facsimile:  (305) 670-1161
Email: fcosmen@qpwblaw.com

*Counsel for Trans Union LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

| | |
|---|---|
| Erika Stephanie Handelson<br>ehandelson@jonesday.com<br>Jones Day<br>600 Brickell Avenue, Suite 3300<br>Miami, FL 33131<br>(305) 714-9700<br>(305) 714-9799 Fax<br>***Counsel for Experian Information Solutions, Inc.*** | John Anthony Love<br>tlove@kslaw.com<br>King & Spalding<br>1180 Peachtree Street NE<br>Atlanta, GA 30309<br>(404) 572-4600<br>***Counsel for Equifax, Information Services, LLC*** |

and I hereby certify that I have mailed by United States Postal Service the above and foregoing document to the following non-CM/ECF participants:

James W. Scott
3457 Deercreek Palladian Circle
Deerfield Beach, FL 33442
(954) 540-0408
jwsscott777@gmail.com
***Pro Se Plaintiff***

*/s/ Franklin G. Cosmen, Jr.*
**FRANKLIN G. COSMEN, JR.**