

FILED BY ___ _____ D.C.

JUL 1 2 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**JAMES W SCOTT**
*Plaintiff.*

**vs**

**CASE 18-CV-60178-ALTONAGA/SELTZER**

**EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; EQUIFAX, INC.; EQUIFAX
INFORMATION SERVICES, LLC**
*Defendants*

## SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FCRA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C § 1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is James W Scott, a natural person, who resides in Broward County, Florida.

4. Defendant Experian Information Solutions, Inc. (Experian) along with its subsidiaries, affiliates and partners operates as a Consumer Reporting Agency regulated by the Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681 *et seq.* and maintains corporate offices at 475 Anton Blvd., Costa Mesa, CA 92626.

5. Experian, its subsidiaries and partners sell consumer information and data derived from consumer information in its consumer file(s). On its own website, Experian markets products

**1 | P a g e**

for debt collecting businesses using "File One" which is just one of their ways in which they generate millions of dollars in revenue annually. They also partner with First Manhattan Consulting Group (FMCG Direct) to help businesses target consumers for financial services using wealth indicator audiences.

6. Defendant Equifax, Inc. (Equifax) along with its subsidiaries operates as a Consumer Reporting Agency ("CRA") regulated by the Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681 *et seq.* with Equifax, Inc. corporate offices at 1550 Peachtree Street, Atlanta, GA 30309.

7. Equifax, Inc. is the parent of Equifax Information Services, LLC (EIS). In prior litigation it has taken the position it is not itself a "consumer reporting agency" governed by the FCRA. See 15 U.S.C. § 1681a(f) ("The term "consumer reporting agency" means any person, who for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.")

8. Equifax, Inc. is a consumer reporting agency. For purposes of the FCRA, Equifax, Inc. has repeatedly stated to consumers, regulators and the public as the actual operating entity. Through a recent letter from the Committee on Oversight and Government Reform, Congress recognizes Equifax, Inc. as a consumer reporting agency. *See Exhibit 8*. Defendants have held Equifax, Inc. out as the operating and responsible entity but in litigation, it argues that EIS is the consumer reporting agency and not Equifax, Inc. The FCRA does not delineate as to how a company says it operates but only how it factually operates.

9. Equifax, Inc. and its subsidiaries such as Equifax Information Services LLC (EIS) and Equifax Consumer Services, LLC (ECS) operate as alter egos of one another and freely transfer communications from consumers, as well as consumer information and data based on consumer information and communications, between the entities for commercial purposes without restriction and to treat them as separate entities would promote fraud and sanction injustice.

10. Equifax, Inc. and its subsidiaries including EIS operate using the same "Equifax" logo with no differentiation between entities when interacting with consumers via mail and otherwise. Because of the differences in subsidiaries and divisions operating without any impediments of corporate structure, an unsophisticated consumer would be confused and not know one Equifax entity from another.

11. Equifax, Inc. has used EIS and ECS and other subsidiaries as dependent and integrated divisions rather than separate legal entities. Management decisions at EIS and ECS as well as other divisions are made by and through Equifax, Inc. and the entities largely hold themselves out as a single uniform business entity exchanging and selling consumer information as well as data derived from consumer information and communications it holds in its consumer files.

12. The FCRA, through a rule mandated at § 1681x expressly prohibits "a consumer reporting agency from circumventing or evading treatment as a nationwide consumer reporting agency" by means of corporate organization or restructuring.

13. Equifax, Inc. and entities such as EIS regularly share FCRA restricted information with sibling ECS to market and profit from the sale of identity theft products with a number of

Equifax related entities such as TALX Corporation, eThority, Anakam, Inc. and Equifax Mortgage Services.

14. For separate and distinct purposes of liability in this case, Defendants Equifax, Inc. and Equifax Information Services, LLC must operate as separate and legally as well as operationally distinct entities. Here for matters alleged and relevant herein, EIS is merely an alter ego of Equifax, Inc. Equifax, Inc. EIS, ECS and other subsidiaries and affiliates share full unity of interest in as much as separate personalities of the corporation no longer exists because they operate as one consumer reporting agency under the FCRA.

15. Defendant Trans Union, LLC (Trans Union) along with its subsidiaries and affiliates operates as a Consumer Reporting Agency regulated by the Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681 *et seq.* with corporate offices at 555 W. Adams Street Chicago, IL 60661. Trans Union operates as a single FCRA governed consumer reporting agency.

16. Trans Union, LLC has structured itself in order to warehouse its sale of credit reporting consumer reports in one entity and its sale of criminal history, employment, landlord-tenant purposed, etc. consumer reports in other entities. It freely transfers the data between units and operates without any impediments of corporate structure. In almost every material regard, the Trans Union units operate as if they are one and the same, a single consumer reporting agency.

## **VENUE**

17. The occurrences which give rise to this action occurred in Broward County, Florida and Plaintiff resides in Broward County, Florida.

18. Venue is proper in the Southern District of Florida.

## GENERAL ALLEGATIONS

19. Plaintiff wanted to obtain his **full consumer file disclosure** to obtain all information recorded and maintained in Defendant's files and/or databases about him as 15 U.S.C. § 1681g(a)(1) states he is entitled to. Every consumer reporting agency shall, upon request, and subject to § 1681h(a)(1) of this title, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(1). Plaintiff looked at the annualcreditreport.com website which was set up and is operated by the Defendants but could find no place on that website where he could request his **full consumer file disclosure.** Instead he found that he could only request a "credit report" which is not what he wanted or what § 1681g(a)(1) states he is entitled to upon request as a consumer. Plaintiff then decided to write to each of the Defendants directly and **made a very deliberate and specific request to obtain his full consumer file disclosure** which he is entitled to under 15 U.S.C. § 1681g(a)(1), NOT just a conventional credit report.

20. Plaintiff made a written request sent by certified mail for a copy of his full consumer file disclosure which was received by Experian on September 20, 2017. *See Exhibit 1* attached.

21. In response to his very specific request for his **full consumer file disclosure** Plaintiff received a copy of his **credit report,** which was not responsive to his request.

22. Plaintiff made a written request sent by certified mail for a copy of his full consumer file disclosure which was received by Equifax on September 20, 2017 *See Exhibit 1* attached.

23. In response to his very specific request for his **full consumer file disclosure** Plaintiff received a copy of his **credit report,** which was not responsive to his request.

24. Plaintiff made a written request sent by certified mail for a copy of his **full consumer file disclosure** which was received by Trans Union on September 20, 2017 *See Exhibit 1* attached.

25. In response to his very specific request for his **full consumer file disclosure** Plaintiff received a copy of his **credit report,** which was not responsive to his request.

26. Plaintiff, in making the exact same request of each of the Defendants, specified in great detail exactly what specific sections of the Fair Credit Reporting Act (FCRA) requires each Defendant to provide a **full consumer file disclosure** at least once per year at no charge when a request is made by a consumer. *See Exhibit 1* attached.

27. Plaintiff's request for a **full consumer file disclosure** from each Defendant was the first request for a disclosure within 12 months and identification in the form of a copy of his social security card and current state driver's license was attached to the request for identification.

28. After receiving a response from each Defendant that did not comply with the request made, Plaintiff made a second and final request for a **full consumer file disclosure** pursuant to the FCRA of each Defendant. *See Exhibit 2* attached.  A copy of the initial letter was sent with the second request for clarification along with identification in the form of a copy of Plaintiff's social security card and driver's license for identification.

29. At no time did Plaintiff make any request for a credit report from the Defendants but instead was very specific in requesting a **full consumer file disclosure** pursuant to 15 U.S.C. § 1681g(a)(1) as outlined in the initial request.

30. In response to Plaintiff's second request for a **full consumer file disclosure** to Experian he received a copy of his **credit report** which was not responsive to his request as required by 15 U.S.C. § 1681g(a)(1). ***See Exhibit 3***. It states, "In response to your recent request, we're pleased to send you this credit report."

31. In response to Plaintiff's second request for a **full consumer file disclosure** to Equifax he received a copy of his **credit report** which was not responsive to his request as required by 15 U.S.C. § 1681g(a)(1). ***See Exhibit 4***. It states, "Thank you for requesting your credit file, commonly called a Consumer Credit Report."

32. In response to Plaintiff's second request for a **full consumer file disclosure** to Trans Union he received a copy of his **credit report** which was not responsive to his request as required by 15 U.S.C. § 1681g(a)(1). ***See Exhibit 5***. It states, "Enclosed is the TransUnion Personal Credit Report that you requested."

33. The FCRA 15 U.S.C. § 1681a(d)(1) states: "In general. The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title."

34. On the first page of what Trans Union sent as a "Personal Credit Report" to Plaintiff, it clearly states that the Plaintiff has been on their files since 07/01/1989. ***See Exhibit 6***. None

of the information in the report[s] sent to Plaintiff extended past two or three years except one employment entry recorded as of 2003 and an old address from 1997. The dates of the information that Experian and Equifax sent to Plaintiff in their "reports" were equally as limited in not extending past two or three years in scope.

35. On May 4, 2018, Plaintiff received his full file disclosure from LexisNexis. *See Exhibit 7*. LexisNexis provided to Plaintiff a plethora of information pertaining to him that dated from 1989 to 2018. This information is of the type that Plaintiff should have received from the Defendants in this case.

36. This information, which includes but is not limited to: Real estate transactions and ownership data, lien, judgment and bankruptcy records, professional license information, driver license information, employment history and historical addresses on file dating back to 1989. LexisNexis obtained the majority of this obsolete and archived information from the CRAs directly since LexisNexis does not produce its own data.

37. None of the data that the CRAs provided to LexisNexis concerning Plaintiff between 1989 and 2000, had been disclosed to Plaintiff when he requested from the CRAs, his **full consumer file disclosure.** This fact at a minimum demonstrates without any speculation that the CRAs had information in their files that was required to be disclosed to the Plaintiff when he requested it from the Defendants in this case.

38. Section 1681g defines "file" to mean "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." (See page 31 of the 40 years doc) [1]....page 32 – (2) SCOPE..."the term includes such information that a CRA has kept for archival purposes, because the definition includes all data "retained"

---

[1] https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf

and "stored" by the CRA." In addition, section 605(a)(5) page 55 of the 40 years doc states under RETENTION OF INFORMATION IN FILES... "For example, the CRA may retain obsolete information for the purpose of furnishing it to persons engaged in (1) credit transactions or the underwriting of life insurance involving a principle amount of $150,000 or more, or (2) the employment of any individual with an annual salary expected to equal $75,000 or more."

39. On July 10, 2018, Plaintiff received from Equifax, partial documents from his request for Production. Upon a cursory review of these documents, Plaintiff found data of a few older trade-lines, which were not included in either of the "reports" that Equifax sent Plaintiff when he requested his full consumer file disclosure. One of these in particular, was a Snap-on account that included detailed information dated as of 2007. This information is clearly not ancillary and was required to be included in Plaintiff's original requests.

40. All documents provided to Defendants in relation to identity and location information were in clearly legible form and in compliance with 15 U.S.C. § 1681h.

41. The FCRA 15 U.S.C. § 1681g(a)(1) requires that ALL information in the possession of a CRA at the time of a consumer's proper request be disclosed in response to that request. Nowhere in §1681 does the statute limit that information to the scope of credit or credit related data which may be included in a conventional credit report. The statute clearly states ALL information regardless of its nature must be provided other than clearly ancillary information excluded by §1681g(1)(B) which Plaintiff clearly did not request.

42. In each case with each Defendant, there was only communication in the form of the letters that requested Plaintiff's **full consumer file disclosure** and there were no other parties

involved with the requests and responses other than the United States Postal Service (USPS) which transported documents between the parties.

43. Plaintiff did not request a credit report, credit disclosure, or anything else using the words "credit" or "report" in any manner from any Defendant at any time related to this lawsuit but instead made a request for his **full consumer file disclosure** and nothing else. Every consumer reporting agency shall, upon request, and subject to § 1681h(a)(1) of this title, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(1).

44. This information has been properly requested by Plaintiff multiple times and is required to be disclosed under 15 U.S.C. § 1681g(a)(1) when a proper request is made by a consumer.  The Defendants have **repeatedly refused** to provide Plaintiff with his **full consumer file disclosure** after multiple requests.  His requests were very specific in nature and could not possibly be misconstrued as a request for his credit report by Defendants.

45. Plaintiff never made any requests of the Defendants that used the words "credit" or "report" in any manner or context but made a straightforward and very clear request only for a **full consumer file disclosure** [Exhibits 1 and 2] to which he is entitled to under 15 U.S.C. § 1681g(a)(1) and all Defendants failed to provide his **full consumer file disclosure** as required by the FCRA.

46. Plaintiff is also not making any claim whatsoever regarding information that HAS been provided to a third party that he is aware of. The sole basis of this case is that he has not had access to ALL information in his **full consumer file** to review and have access to for accuracy.

47. The only information requested by Plaintiff was a **full consumer file disclosure** of information directly related to him as a consumer that affects his credit worthiness, credit standing and credit capacity and also general reputation, personal characteristics, or mode of living among other things.

48. Because Plaintiff has not had access to that undisclosed information he has therefore had no opportunity to review it and dispute the accuracy of it if it is found to be false yet it is provided to potential creditors, insurers and employers without his knowledge and purposely and illegally concealed from him.

49. Plaintiff made multiple specific requests of each of the Defendants for a **full consumer file disclosure** as clearly stated in 15 U.S.C. § 1681g(a)(1) and all Defendants have failed to comply with the requests and are therefore in violation of the FCRA.

50. Upon information and belief, Plaintiff should not have had to file this instant case and go clear into Discovery to obtain information that the Defendants should have provided to Plaintiff after such a simple, specific request was made pursuant to the FCRA.

51. The claims made in this lawsuit are in no manner related to the data breach that occurred with Equifax. The claims herein are entirely focused on the fact that all the Defendants failed to provide a **full consumer file disclosure** of all information in their files to Plaintiff upon his multiple requests as required by 15 U.S.C. § 1681g(a)(1). There is no relation of any claims made herein to any issues with the Equifax data breach.

52. The actions of all Defendants occurred within the past 2 years and are within the Statute of Limitations under the FCRA.

**<u>COUNT I</u>**

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.

53. Paragraphs 1 through 52 are re-alleged as though fully set forth herein.

54. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

55. Experian is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

56. Experian repeatedly failed to comply with Plaintiff's multiple requests for a **full consumer file disclosure** pursuant to 15 U.S.C. § 1681g(a)(1).

WHEREFORE, Plaintiff demands judgment for damages against Experian for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT TRANS UNION LLC

57. Paragraphs 1 through 52 are re-alleged as though fully set forth herein.

58. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

59. Trans Union is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

60. Trans Union repeatedly failed to comply with Plaintiff's multiple requests for a **full consumer file disclosure** pursuant to 15 U.S.C. § 1681g(a)(1).

WHEREFORE, Plaintiff demands judgment for damages against Trans Union for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

## COUNT III

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EQUIFAX, INC. AND EQUIFAX INFORMATION SERVICES, LLC

61. Paragraphs 1 through 52 are re-alleged as though fully set forth herein.

62. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

63. Equifax is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

64. Equifax repeatedly failed to comply with Plaintiff's multiple requests for a **full consumer file disclosure** pursuant to 15 U.S.C. § 1681g(a)(1).

WHEREFORE, Plaintiff demands judgment for damages against Equifax, Inc. and Equifax Information Services, LLC for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated:  July 12, 2018

Respectfully Submitted,

_____
James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442
Jwsscott777@gmail.com
**954-540-0408 cellphone**

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2018, I filed the foregoing with the Clerk of the Court

conventionaly. I also certify that the foregoing document is being sent by USPS to the following:

## SERVICE LIST

Franklin G. Cosmen, Jr.
Quintairos, Prieto, Wood & Bower P.A.
9300 S. Dadeland Blvd, 4th Floor
Miami, Florida 33156
Telephone: 305-670-1101
Email: fcosmen@qpwblaw.com
Counsel for Trans Union

John Anthony Love
King & Spalding
1180 Peachtree Street NE
Atlanta, GA 30309
404-572-4600
tlove@kslaw.com
Counsel for Equifax

Erika S. Whyte
Florida Bar No. 91133
Jones Day
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone:  (305) 714-9700
Facsimile:  (305) 714-9799
ewhyte@jonesday.com
*Counsel for Defendant*
*Experian Information Solutions, Inc.*

Dated: July 12, 2018

James W Scott

# EXHIBIT 1

James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442
S.S. #███████5033 / D.O.B. ██████1968

Sept 20, 2017

Trans Union
P.O. Box 2000
Chester, PA 19022

<u>**Full File Disclosure Request pursuant to 15 U.S. Code 1681g(a)(1).**</u>

To Whom it may concern:

Please send me in writing <u>ALL INFORMATION</u> in my consumer file at Trans Union as of the date that you receive this letter regardless of how or where it is stored;  pursuant to 15 U.S. Code 1681g(a)(1). Mask the first five digits of my Social Security Number in all writings you return to me.

In addition, I am requesting:

1. Pursuant to 15 U.S. 1681g(a)(2), all sources of information in my consumer file at Trans Union.

2. Pursuant to 15 U.S. 1681g(a)(3)(A), the identification of each person that procured a consumer report on me from Trans Union.

3. Pursuant to 15 U.S. 1681g(a)(3)(B), the name, trade name, address, and telephone number of each person identified under 15 U.S. 1681g(a)(3)(A).

4. Pursuant to 15 U.S. 1681g(a)(4), the dates, original payees, and amounts of any checks in my consumer file at Trans Union used to adversely characterize me

5. Pursuant to 15 U.S. 1681g(a)(5), a record of all inquiries received by Trans Union in the year preceding the receipt of this request that identified me in connection with a credit or insurance transaction that I did not initiate

This is a request for a full file disclosure to include all obsolete and archived information as permitted by the Fair Credit Reporting Act. It is my first full file disclosure request for this calendar year from Trans Union.

Thank you in advance for promptly satisfying this request.

Thank You,

James W Scott

**Attached**: Copy of my Social Security Card & Drivers License is attached.
Sent: USPS Certified Mail # 70120470000088853627
Return receipt requested

James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442
S.S. # ██████5033 / D.O.B. ████1968

Sept 20, 2017

Equifax
P.O. Box 740256
Atlanta, GA 30374

### **Full File Disclosure Request pursuant to 15 U.S. Code 1681g(a)(1).**

To Whom it may concern:

Please send me in writing <u>ALL INFORMATION</u> in my consumer file at Equifax as of the date that you receive this letter regardless of how or where it is stored;  pursuant to 15 U.S. Code 1681g(a)(1). Mask the first five digits of my Social Security Number in all writings you return to me.

In addition, I am requesting:

1. Pursuant to 15 U.S. 1681g(a)(2), all sources of information in my consumer file at Equifax.

2. Pursuant to 15 U.S. 1681g(a)(3)(A), the identification of each person that procured a consumer report on me from Equifax.

3. Pursuant to 15 U.S. 1681g(a)(3)(B), the name, trade name, address, and telephone number of each person identified under 15 U.S. 1681g(a)(3)(A).

4. Pursuant to 15 U.S. 1681g(a)(4), the dates, original payees, and amounts of any checks in my consumer file at Equifax used to adversely characterize me

5. Pursuant to 15 U.S. 1681g(a)(5), a record of all inquiries received by Equifax in the year preceding the receipt of this request that identified me in connection with a credit or insurance transaction that I did not initiate

This is a request for a full file disclosure to include all obsolete and archived information as permitted by the Fair Credit Reporting Act. It is my first full file disclosure request for this calendar year from Equifax.

Thank you in advance for promptly satisfying this request.

Thank You,

James W Scott

**Attached**: Copy of my Social Security Card & Drivers License is attached
Sent: USPS Certified Mail # 70120470000088853658
Return receipt requested

James W Scott
3457 Deercreek Palladian Circle
DeerField Beach, Florida 33442
S.S. #███████-5033 / D.O.B.███████/1968

Experian                                                      Sept 20, 2017
P.O. Box 2002
Allen, TX 75013

### Full File Disclosure Request pursuant to 15 U.S. Code 1681g(a)(1).

To Whom it may concern:

Please send me in writing ALL INFORMATION in my consumer file at Experian as of
the date that you receive this letter  regardless of how or where it is stored;  pursuant to
15 U.S. Code 1681g(a)(1). Mask the first five digits of my Social Security Number in all
writings you return to me.

In addition, I am requesting:

1. Pursuant to 15 U.S. 1681g(a)(2), all sources of information in my consumer file at
Experian.

2. Pursuant to 15 U.S. 1681g(a)(3)(A), the identification of each person that procured a
consumer report on me from Experian.

3. Pursuant to 15 U.S. 1681g(a)(3)(B), the name, trade name, address, and telephone
number of each person identified under 15 U.S. 1681g(a)(3)(A).

4. Pursuant to 15 U.S. 1681g(a)(4), the dates, original payees, and amounts of any checks
in my consumer file at Experian used to adversely characterize me

5. Pursuant to 15 U.S. 1681g(a)(5), a record of all inquiries received by Experian in the
year preceding the receipt of this request that identified me in connection with a credit or
insurance transaction that I did not initiate

This is a request for a full file disclosure to include all obsolete and archived information
as permitted by the Fair Credit Reporting Act. It is my first full file disclosure request for
this calendar year from Experian.

Thank you in advance for promptly satisfying this request.

Thank You,

James W Scott

**Attached**: Copy of my Social Security Card & Drivers License is attached.
Sent: USPS Certified Mail # 70120470000088853665
Return receipt requested

# EXHIBIT 2

James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442
S.S.# ███████033 / D.O.B.████/1968

October 21, 2017

Equifax
P.O. Box 740256
Atlanta, GA 30374

**<u>Final Request Pursuant to 15 U.SC. § 1681g(a)(1)</u>**

To whom it may concern:

I am writing in regard to your response to my initial request for my ***Full Consumer File Disclosure***. My request was very specific and I provided the exact sections of the FCRA which require you to provide it to me (see copy of my original letter attached). Your response was not correct in that you did not provide the ***Full Consumer File Disclosure*** as requested. I will once again state that I am requesting my ***Full Consumer File Disclosure*** pursuant to 15 U.S.C. § 1681g(a)(1) to include all other such information listed specifically in my initial letter. No response by you other than providing the ***Full Consumer File Disclosure*** as required by the FCRA will be appropriate or accepted by me.

My initial letter was my first request for the ***Full Consumer File Disclosure*** within the past 12 months and there is no provision in the FCRA which allows you to charge me for it. I expect your full compliance with the law and for me to receive my ***Full Consumer File Disclosure*** in a timely manner as required by the FCRA. Your failure to do so will result in me initiating legal action against you to force compliance under the law. Your timely response is appreciated. Act accordingly.

**Once again as was provided with my initial request,** I am enclosing a copy of my driver's license and Social Security Card for identification purposes. You are instructed to mask the first five digits of my Social Security Number in all writings you return to me.

Thank you in advance for promptly satisfying this request.

Thank You

James W Scott
**<u>Attached</u>**: Copy of my Social Security Card & Drivers License is attached.
Sent: USPS Certified Mail # 70120470000088853948
Return receipt requested

James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442
S.S.#█████-5033 / D.O.B.█████1968

October 21, 2017

Trans Union
P.O. Box 2000
Chester, PA 19022

## <u>Final Request Pursuant to 15 U.S.C. § 1681g(a)(1)</u>

To whom it may concern:

I am writing in regard to your response to my initial request for my ***Full Consumer File Disclosure***. My request was very specific and I provided the exact sections of the FCRA which require you to provide it to me (see copy of my original letter attached). Your response was not correct in that you did not provide the ***Full Consumer File Disclosure*** as requested. I will once again state that I am requesting my ***Full Consumer File Disclosure*** pursuant to 15 U.S.C. § 1681g(a)(1) to include all other such information listed specifically in my initial letter. No response by you other than providing the ***Full Consumer File Disclosure*** as required by the FCRA will be appropriate or accepted by me.

My initial letter was my first request for the ***Full Consumer File Disclosure*** within the past 12 months and there is no provision in the FCRA which allows you to charge me for it. I expect your full compliance with the law and for me to receive my ***Full Consumer File Disclosure*** in a timely manner as required by the FCRA. Your failure to do so will result in me initiating legal action against you to force compliance under the law. Your timely response is appreciated. Act accordingly.

**Once again as was provided with my initial request,** I am enclosing a copy of my driver's license and Social Security Card for identification purposes. You are instructed to mask the first five digits of my Social Security Number in all writings you return to me.

Thank you in advance for promptly satisfying this request.

Thank You

James W Scott
**Attached:** Copy of my Social Security Card & Drivers License is attached.
Sent: USPS Certified Mail # 70120470000088853924
Return receipt requested

James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442
S.S.# ▓▓▓▓▓-5033 / D.O.B. ▓▓▓▓1968

October 21, 2017

Experian
P.O. Box 2002
Allen, Texas 75013

### <u>Final Request Pursuant to 15 U.SC. § 1681g(a)(1)</u>

To whom it may concern:

I am writing in regard to your response to my initial request for my ***Full Consumer File Disclosure***. My request was very specific and I provided the exact sections of the FCRA which require you to provide it to me (see copy of my original letter attached). Your response was not correct in that you did not provide the ***Full Consumer File Disclosure*** as requested. I will once again state that I am requesting my ***Full Consumer File Disclosure*** pursuant to 15 U.S.C. § 1681g(a)(1) to include all other such information listed specifically in my initial letter. No response by you other than providing the ***Full Consumer File Disclosure*** as required by the FCRA will be appropriate or accepted by me.

My initial letter was my first request for the ***Full Consumer File Disclosure*** within the past 12 months and there is no provision in the FCRA which allows you to charge me for it. I expect your full compliance with the law and for me to receive my ***Full Consumer File Disclosure*** in a timely manner as required by the FCRA. Your failure to do so will result in me initiating legal action against you to force compliance under the law. Your timely response is appreciated. Act accordingly.

**Once again as was provided with my initial request,** I am enclosing a copy of my driver's license and Social Security Card for identification purposes. You are instructed to mask the first five digits of my Social Security Number in all writings you return to me.

Thank you in advance for promptly satisfying this request.

Thank You

James W Scott
**Attached:** Copy of my Social Security Card & Drivers License is attached.
Sent: USPS Certified Mail # 70120470000088853931
Return receipt requested

# EXHIBIT 3

PO Box 9701
Allen, TX 75013



0014514 03 SP 0.500 **SNGLP 2 0 7256 33442    -C02-P14528-I
JAMES WESLEY SCOTT
3457 DEERCREEK PALLADIAN CIRCLE
DEERFIELD BEACH FL 33442

# experian™

Prepared for: JAMES WESLEY SCOTT
Date: October 26, 2017
Report number: 3538-4244-07

**Page 1 of 20**

In response to your recent request, we're pleased to send you this credit report. Your credit information can change over time, so we recommend you keep track of any changes by signing up for credit monitoring at **experian.com/monitor.**

Scan me with your smart phone for special offers from Experian.

## What you'll find inside:

2   About the information in this report

2   Tools to manage your personal credit

3   Disputing information in this report

9   Your accounts that may be considered negative

13   Your accounts in good standing

17   Record of requests for your credit history

19   Your personal information

Notification of Rights

## You have your Credit Report. Now, keep an eye on it for free.

Get these free benefits, with no credit card required:

- Your Experian Credit Report (refreshed every 30 days upon sign in)
- Experian credit monitoring & alerts
- Toll-free customer support from real people
- Educational resources

Enroll today at experian.com/view

# EXHIBIT 4



CREDIT FILE:  November 6, 2017
Confirmation # 7310020239

Dear JAMES W SCOTT:

Thank you for requesting your credit file, commonly called a Consumer Credit Report. Your credit file contains information received primarily from companies which have granted you credit and from public record sources.  Great care has been taken to report this information correctly.  Please help us in achieving even greater accuracy by reviewing all of the enclosed material carefully.

If there are items you believe to be incorrect, you may be able to initiate an investigation request via the Internet 24 hours a day, 7 days a week at:

## www.investigate.equifax.com

Using the Internet to initiate an on-line investigation request will expedite the resolution of your concerns.

Or you may complete the enclosed Research Request Form and return it to:

**Equifax Information Services LLC**
**Www. Equifax. Com/fcra**
**Atlanta GA 30348**

*NOTE:  Sending the Research Request Form to any other address will delay the processing of your request.*

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

**Under the FACT Act, you have the right to request and obtain a copy of your credit score.  To obtain a copy of your credit score, please call our automated ordering system at: *1-877-SCORE-11*.**

For an added convenience, use one of the below options to start an investigation or check the status of your dispute.

Visit us at **www.equifax.com/CreditReportAssistance** or Call us at  866-349-5186.

# EXHIBIT 5

PO Box 805
10/28/2017

**TransUnion.**

P7JWYH00201477-I019873-042080676

JAMES WESLEY SCOTT
3457 DEER CREEK PALLADIAN CIR
DEERFIELD BEACH, FL 33442-7949

Find an inaccuracy on your report?
Submit your dispute online at:
http://transunion.com/disputeonline

Enclosed is the TransUnion Personal Credit Report that you requested. As a trusted leader in the consumer credit information industry, TransUnion takes the accuracy of your credit information very seriously. We are committed to providing the complete and reliable credit information that you need to participate in everyday transactions and purchases.

If you believe an item of information to be incomplete or inaccurate, please alert us immediately. We will investigate the data and notify you of the results of our investigation.

To make it easier to request an investigation, you can now submit your request online, **24 hours a day, 7 days a week.** You must have an active email address to use the online service. Please note that your email address will only be used for communicating with you regarding your request and the results of our investigation. Your email address will not be shared with any non-TransUnion entities.

**To submit an online request for investigation:**

**Step 1.** Go to the TransUnion online investigation service at http://transunion.com/disputeonline
**Step 2.** Follow the instructions provided by the web site.

Once submitted, you will receive online confirmation of your request. You will also be notified by email when we complete our investigation and your results will be available online. You can check the status of your investigation online by logging into your account.

Thank you for helping ensure the accuracy of your credit information.

TransUnion Consumer Relations

For frequently asked questions about your credit report, please visit http://transunion.com/consumerfaqs .

P 7JWYH-002 01477-I019873 01/16

# EXHIBIT 6



Page: 1 of 1

**File Number:** 360365029
**Date Issued:** 10/28/2017

# Personal Information

You have been on our files since  07/01/1989

SSN: XXX-XX-5033

Date of Birth: ██/1968

**Names Reported:** JAMES WESLEY SCOTT and JIM W. SCOTT

## Addresses Reported:

| Address | Date Reported | Address | Date Reported |
|---|---|---|---|
| 3457 DEER CREEK PALLADIAN CIR, DEERFIELD BEACH, FL 33442-7949 | 04/05/2016 | ████ | 02/01/2007 |
| ████ | 04/01/2013 | ████ | 01/01/1998 |
| ████ | 03/18/2016 | | |
| ████ | 07/01/2012 | | |

## Telephone Numbers Reported:

(954) 540-0408

## Employment Data Reported:

| Employer Name | Date Verified | Location | Position |
|---|---|---|---|
| ████ | 08/09/2015 | FORT LAUDERDALE, FL | OWNER |
| | 02/01/2007 | | |
| | 11/17/2003 | | |

# Account Information

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting.  This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported.

## Rating Key

Some creditors report the timeliness of your payments each month in relation to your agreement with them.  The ratings in the key below describe the payments that may be reported by your creditors. Any rating that is shaded indicates that it is considered adverse.  Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

## Remark Key

Additionally, some creditors may notate your account with comments each month.  We refer to these creditor comments as "Remarks". The key below gives the descriptions of the abbreviated remarks contained in your credit file.  Any remark containing brackets ›‹ indicates that this remark is considered adverse.

**AID** ACCT INFO DISPUTED BY CONSUMR
**DRC** DISP INVG COMP-CONSUM DISAGRS
**AND** AFFCTD BY NTRL/DCLRD DISASTR
**›FPI‹** FORECLOSURE INITIATED
**CBG** CLOSED BY CREDIT GRANTOR
**›PRL‹** UNPAID BALANCE CHARGED OFF

# Adverse Accounts

**Date Opened:** ████
**Responsibility:** ████
**Account Type:** ████
**Loan Type:** ████

**Date Updated:** ████
**Last Payment Made:** ████

**Pay Status:** ████
**Terms:** ████

**High Balance:** High balance of $290,865 from 05/2017 to 05/2017; $290,865 from 07/2017 to 09/2017
**Estimated month and year that this item will be removed:** 02/2024

| | 09/2017 | 08/2017 | 07/2017 | 06/2017 | 05/2017 | 04/2017 | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Balance | ████ | ████ | ████ | | ████ | | | | | | | |
| Scheduled Payment | | | | | | | | | | | | |
| Amount Paid | | $0 | $0 | | $0 | | | | | | | |
| Past Due | | | | | | | | | | | | |
| Remarks | | FPI | FPI | | | | | | | | | |
| Rating | 120 | 120 | 120 | 90 | 60 | 30 | OK | OK | OK | OK | OK | X |

| | 09/2016 |
|---|---|
| Rating | X |

To dispute online go to: http://transunion.com/disputeonline

R-7-IWYH-002-01477-I019875

# EXHIBIT 7



LexisNexis Consumer Center

Consumer Number: 12642635

Case Number: 94715905

May 04, 2018

JAMES WESLEY SCOTT
3457 DEER CREEK PALLADIAN CIR
DEERFIELD BEACH, FL 33442

Dear: JAMES WESLEY SCOTT

Thank you for contacting LexisNexis® to obtain your Full File Disclosure. We are providing this information pursuant to Section 609 of the Fair Credit Reporting Act. LexisNexis® only provides consumer reports to customers that have a permissible purpose to access your information. Because this information can be provided through different products, we are disclosing the data to you under several different reports, which are described below.

If we do not have information for a particular report, we will notify you that no information was found.

LexisNexis® takes great pride in being a leading provider of reliable risk management information. To help assure the continued quality of our data, please carefully review the enclosed material and notify us of any disputes you may have.

| Enclosed Reports | | |
|---|---|---|
| **C.L.U.E.™ Report - Auto ™** | Summarizes auto insurance loss history provided by participating insurance companies. | Used to assess applications and renewals of auto insurance underwriting. |
| **C.L.U.E.™ Report - Property** | Summarizes property insurance loss history provided by participating insurance companies. | Used to assess applications and renewals of property insurance underwriting. |
| **Current Carrier™ Reports** | Summarizes historical home and auto coverage information provided by participating insurance companies. | Used to assess current insurance coverage as well as identify gaps in prior underwriting. |
| **InsurView™** | Provides attributes using public record data | Used for insurance underwriting and insurance prescreen |
| **Traffic Violation Search™** | Provides search results from public records. | Used to assess applications and renewals of insurance underwriting. |



LexisNexis | Personal Reports

Home        Full File Disclosure        FACT Act Disclosure        Additional Reports        Your FCRA Rights        Help



## Access Your Full File Disclosure

See what information about you is maintained in our files - Order copies of the information that we maintain and use to create consumer reports about you. This includes items such as real estate transaction and ownership data, lien, judgment, and bankruptcy records, professional license information, and historical addresses on file.

**Full File Disclosure Request Form and Instructions**

Once we have verified your identity, all information will be mailed to the address you provide on the request form. We will also include contact information in case you have questions about the information or feel there is an error in any of the reports.

Questions About Your LexisNexis Full File Disclosure? Click Here to send us an e-mail.



**TRUSTe**
Certified Privacy
Powered by TrustArc

About Us | Contact Us | Your Rights | Site Map
Copyright © 2010 LexisNexis Risk Solutions. All rights reserved. Terms & Conditions | Privacy Policy

# EXHIBIT 8

TREY GOWDY, SOUTH CAROLINA
CHAIRMAN

ELIJAH E. CUMMINGS, MARYLAND
RANKING MINORITY MEMBER

ONE HUNDRED FIFTEENTH CONGRESS

# Congress of the United States

## House of Representatives

COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM

2157 RAYBURN HOUSE OFFICE BUILDING

WASHINGTON, DC 20515–6143

MAJORITY   (202) 225-5074
MINORITY   (202) 225-5051

http://oversight.house.gov

February 20, 2018

Paulino do Rego Barros, Jr.
Interim Chief Executive Officer
Equifax, Inc.
1100 Abernathy Rd., Suite #300
Atlanta, GA 30328

Dear Mr. Barros:

We are writing to request that you extend from one year to at least three years the credit protection and identity theft services you are providing to victims of last year's massive data breach at Equifax, particularly since your own top IT official warned that one year of protection is inadequate.

The data breach at Equifax was one of the most massive in United States history. According to your own estimate, it resulted in more than 145 million Americans having their personal information compromised, including their "names, Social Security numbers, birth dates, addresses, and in some instances, driver's license numbers." In response, Equifax offered impacted U.S. consumers one year of identity theft protection and credit file monitoring through a service called "TrustedID Premier."[1]

Leading experts and consumer advocates have warned that one year of protection is insufficient. For example, the Federal Trade Commission has cautioned consumers that Equifax's credit monitoring "lasts only one year and the threat of identity theft relating to the breach is likely to last a lot longer than that."[2] Similarly, Consumers Union explained that "the risks to consumers due to this breach are not limited to one year—data exposed to hackers could be used to open fraudulent accounts several years in the future."[3] In addition, the U.S. Public Interest Research Group explained that one year of credit monitoring is inadequate since the

---

[1] Equifax, Inc., *Consumer Notice* (accessed Feb. 12, 2018) (online at www.equifaxsecurity2017.com/consumer-notice/).

[2] Federal Trade Commission, *Free Credit Freezes from Equifax* (last updated Feb. 1, 2018) (online at www.consumer.ftc.gov/blog/2017/09/free-credit-freezes-equifax).

[3] Letter from Jessica Rich, Vice President, Policy and Mobilization, and Justin Brookman, Director, Consumer Privacy and Technology Policy, Consumers Union, to Richard F. Smith, Chairman and CEO, Equifax, Inc. (Sept. 14, 2017) (online at http://consumersunion.org/wp-content/uploads/2017/09/CU-letter-to-Equifax-9.14.17.pdf).

Mr. Paulino do Rego Barros, Jr.
Page 2

"stolen information does not have a shelf life."[4]

During a briefing for Committee staff on October 19, 2017, your Chief Information Security Officer agreed. He explained that criminals who steal sensitive data are unlikely to disseminate it when law enforcement is actively searching for it. He also stated that these cyber criminals would likely wait a year or more before attempting to sell this data on the black market.[5]

Your offer of one year of credit protection services stands in contrast to the protection provided to victims of the hack of Office of Personnel Management (OPM) systems in 2015. In that case, cyber criminals gained access to personal information from the background check records of approximately 21.5 million individuals.[6] In response, OPM and the Department of Defense provided "credit monitoring, identity monitoring, identity theft insurance, and identity restoration services for a period of three years."[7] Congress later provided individuals impacted by the OPM data breach ten years of identity theft coverage.[8]

Given the sensitive nature of the personal information that was stolen—and the ability of criminals to store and use that information for years to come—we believe that the millions of U.S. consumers whose personal information was compromised in the Equifax data breach should receive the most robust form of credit protection and identity theft services available.

For these reasons, we respectfully urge you to extend the time period of coverage from one year to a minimum of three years. We would appreciate the courtesy of a reply to this request. If you have any questions about this request, please contact Sean Perryman of the Democratic staff at (202) 225-5051.

Thank you for your consideration of this request.

Sincerely,

_____        _____

[4] U.S. PIRG, *Consumer Tips and FAQ About the Equifax Breach* (last updated Jan. 25, 2018) (online at https://uspirg.org/blogs/blog/usp/consumer-tips-and-faq-about-equifax-breach).

[5] Briefing by Chief Information Security Officer, Equifax, Inc., to House Oversight and Government Reform Committee Staff (Oct. 19, 2017).

[6] House Committee on Oversight and Government Reform, *Hearing on OPM: Data Breach: Part II*, 114th Cong. (June 24, 2015); House Committee on Oversight and Government Reform, *Hearing on OPM: Data Breach*, 114th Cong. (June 16, 2015).

[7] Office of Personnel Management, *OPM, DoD Announce Identity Theft Protection and Credit Monitoring Contract: Victims of Cybercrime to Receive Three Years of Service* (Sept. 1, 2015) (online at www.opm.gov/news/releases/2015/09/opm-dod-announce-identity-theft-protection-and-credit-monitoring-contract/).

[8] Consolidated Appropriations Act of 2017, Pub. L. No. 115-31 (2017).

Mr. Paulino do Rego Barros, Jr.
Page 3