UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-60178-ALTONAGA/SELTZER

JAMES W. SCOTT,

        Plaintiff,

  v.

EXPERIAN INFORMATION
SOLUTIONS, INC., *et al.,*

        Defendants.

_____ /

**DEFENDANTS TRANS UNION LLC, EQUIFAX INFORMATION SERVICES, LLC, EQUIFAX, INC., AND EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 3

    A. Plaintiff Fails to Plausibly Allege that Failing to Include Obsolete Address Information in a Consumer Disclosure Willfully Violates the FCRA ................... 3

        1. Section 1681g Requires Disclosure of Information Contained in a Consumer Report ................................................................................... 3

        2. A Consumer Report Does Not Include Prior Addresses as a Matter of Law ............................................................................................................. 5

    B. Plaintiff Lacks Standing Because the Purported Denial of Information About Plaintiff's Past Addresses Does Not Create Real Harm with an Adverse Effect .................................................................................................... 7

III. CONCLUSION .................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page**

### Cases

*Cortez v. Trans Union, LLC*,
617 F.3d 688 (3d Cir. 2010) ........ 4

*Daniels v. Experian Info. Sols., Inc.*,
2009 WL 1811548 (S.D. Ga. June 24, 2009) ........ 6

*Dotzler v. Perot*,
914 F. Supp. 328 (E.D. Mo. 1996) ........ 6

*Dreher v. Experian Info. Sols., Inc.*,
856 F.3d 337 (4th Cir. 2017) ........ 7, 8, 9

*Equifax Inc. v. F. T. C.*,
678 F.2d 1047 (11th Cir. 1982) ........ 6

*Gillespie v. Trans Union Corp.*,
482 F.3d 907 (7th Cir. 2007) ........ 4, 6

*Individual Reference Servs. Grp., Inc. v. F.T.C.*,
145 F. Supp. 2d 6 (D.D.C. 2001) ........ 5, 6

*Parker v. Equifax Info. Servs., LLC*,
2017 WL 4003437 (E.D. Mich. Sept. 12, 2017) ........ 6

*Safeco Ins. Co. of Am. v. Burr*,
551 U.S. 47 (2007) ........ 3, 4

*Shaw v. Experian Info. Solutions, Inc.*,
891 F.3d 749 (9th Cir. 2018) ........ 4

*Smith v. Waverly Partners, LLC*,
2011 WL 3564427 (W.D.N.C. Aug. 12, 2011) ........ 6

*Spokeo v. Robins*,
136 S. Ct. 1540 (2016) ........ 7, 8

*Stacy v. Dollar Tree Stores, Inc.*,
274 F. Supp. 3d 1355 (S.D. Fla. 2017) ........ 9

*Thomas v. FTS USA, LLC*,
193 F. Supp. 3d 623 (E.D. Va. 2016) ........ 8, 9

## TABLE OF AUTHORITIES
(continued)

**Page**

**Statutes**

15 U.S.C. § 1681a ............................................................................................................. 4

15 U.S.C. § 1681g ..................................................................................................... passim

**Regulations**

16 C.F.R. pt. 600, app. § 603 ............................................................................................ 4

## I.  INTRODUCTION

In his opposition to dismissal, Plaintiff James W. Scott argues that Defendants willfully violated 15 U.S.C. § 1681g(a)(1) of the Fair Credit Reporting Act ("FCRA") by failing to include on his consumer disclosure a prior, obsolete address and, in the case of Defendants Equifax Inc. and Equifax Information Services LLC ("Equifax"), by failing to include an obsolete trade line from Snap-On that no longer reports on Plaintiff's Equifax credit file. Contrary to his contention, Plaintiff's shifting theory of liability is not sufficient to withstand dismissal.  Defendants' motion should be granted with prejudice.

Plaintiff originally filed this suit in January 2018 because he speculated that there was "substantial information relating to Plaintiff … contained in all Defendants' files," which Defendants had failed to disclose upon request.  ECF No. 1 ¶ 22.  When the Court dismissed Plaintiff's Complaint as unduly speculative (*see* ECF No. 49), Plaintiff filed an amended complaint, alleging that he received a full file disclosure from LexisNexis in May 2018—four months after filing suit—that contained a "plethora of information," most of which was collected from Defendants, that was omitted on Defendants' consumer disclosures.  ECF No. 50 ¶¶ 35-36. According to Plaintiff, this information included real estate transactions, liens, bankruptcy records, driver license information, and employment history.  *Id.*

In his opposition to Defendants' motion to dismiss, however, Plaintiff can identify only one piece of information that he claims was collected from Defendants by LexisNexis and yet omitted from his consumer disclosures:  an obsolete address where Plaintiff once lived.  ECF No. 54 at 5.  According to Plaintiff, the fact that his consumer disclosures did not contain this outdated information proves that Defendants knowingly or recklessly violated their obligation under the FCRA to clearly and accurately disclose all information in the consumer's file at the

time of the request.  *See* 15 U.S.C. § 1681g(a)(1)(A).  Plaintiff's theory fails for at least two reasons.

*First*, even assuming at this stage of the proceedings that LexisNexis obtained a prior address from the same Experian and Equifax entities that Plaintiff sued in this case, the failure to include a prior address on a consumer disclosure does not violate clearly established law, as Plaintiff is obligated to allege.[1]  A uniform body of federal law holds that § 1681g requires disclosure only of that information contained in a ***consumer report*** on that consumer.  But courts have consistently held that address information—like birthdates, gender identifiers, and telephone numbers—does not constitute a "consumer report" because it does not bear on creditworthiness.  Under established law therefore, Defendants were not obligated to provide Plaintiff with prior addresses to comply with § 1681g.  Plaintiff has not plausibly alleged that Defendants violated § 1681g at all, let alone knowingly or recklessly.

*Second*, even if the SAC were construed to state a procedural violation of § 1681g, Plaintiff fails to allege that the denial of information regarding a past address creates a real harm with an adverse effect.  Plaintiff knows where he previously lived, and he cannot articulate how the absence of information about his prior address on his consumer disclosure makes any difference in the fairness or accuracy of his credit report.  As the Supreme Court has now made clear, a statutory violation without a concrete and adverse effect does not confer standing.  Because Plaintiff has failed to plausibly allege any concrete injury sufficient to satisfy Article III standing, the SAC should be dismissed with prejudice.

---

[1] Plaintiff does not argue that his LexisNexis report contains *any* information attributable to Trans Union that was not included on his consumer disclosure.  For that reason alone, Plaintiff has not stated a plausible claim against Trans Union under § 1681g.

## II. ARGUMENT

### A. Plaintiff Fails to Plausibly Allege that Failing to Include Obsolete Address Information in a Consumer Disclosure Willfully Violates the FCRA.

After initially claiming that Defendants provided him with a consumer disclosure that lacked "substantial information" contained in Defendants' files, such as information about liens and bankruptcy records, Plaintiff's claim under § 1681g now boils down to the assertion that Equifax and Experian violated the FCRA by failing to include an obsolete address on his disclosure and, in the case of Equifax, an obsolete Snap-On account that no longer appears on Plaintiff's credit file.  At the threshold, Plaintiff cannot identify *any* information that Trans Union failed to include on its consumer disclosure, and Trans Union therefore should be dismissed with prejudice.  Even as to Equifax and Experian, however, the motion should be granted because there is no clearly-established law that requires credit reporting agencies to include obsolete addresses or obsolete accounts on a consumer disclosure; indeed, the law is to the contrary.

#### 1. Section 1681g Requires Disclosure of Information Contained in a Consumer Report.

Because Plaintiff is proceeding on the lone theory that Defendants *willfully* violated § 1681g, he must establish that Defendants either knowingly or recklessly violated the FCRA. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69-70 (2007).  Although Plaintiff maintains that recklessness is a less demanding standard than knowledge, the recklessness *mens rea* requirement nonetheless compels Plaintiff to identify an action entailing "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* at 68 (quotation marks and citation omitted).  At the least, a showing of recklessness requires that the defendant's conduct be "objectively unreasonable," *i.e.*, because the defendant has violated "pellucid" statutory text or "authoritative guidance" from the court of appeals or FTC. *Id.* at 69-70.

According to Plaintiff, § 1681g *is* pellucid and unambiguously requires disclosure of "*[a]ll information* in the consumer's file at the time of the request," which by definition must include prior addresses and obsolete accounts that do not presently appear on Plaintiff's files. ECF No. 54 at 11-12.  Notably, however, every federal circuit to consider Plaintiff's argument—*i.e.*, that the term "file" includes all information on the consumer recorded and retained by a CRA—has rejected it.  *See, e.g.*, *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007); *Shaw v. Experian Info. Solutions, Inc.*, 891 F.3d 749, 761 (9th Cir. 2018); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 711 (3d Cir. 2010).  The FTC, likewise, has declined to interpret § 1681g to require disclosure of all information recorded and retained by a CRA.  *See* 16 C.F.R. pt. 600, app. § 603.  Plainly, it was not "clearly established" at the time Plaintiff requested his consumer disclosure that Defendants were obligated to include every piece of information, including prior addresses and obsolete accounts, that Defendants retained.  *Safeco*, 551 U.S. at 70.

Instead, each of the foregoing authorities concluded that § 1681g requires disclosure only of information included in a "consumer report," *i.e.*, information: (1) bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living; (2) which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit, insurance, or employment.  *See* 15 U.S.C. § 1681a(d)(1).

The controlling question, therefore, is whether Plaintiff has plausibly alleged that the consumer disclosures he obtained from Equifax and Experian omitted information in their files at the time of his request that bears on Plaintiff's credit worthiness, etc., and was used or collected

for the purpose of establishing Plaintiff's eligibility for credit, insurance or employment. The answer is a categorical "no."

As stated in Defendants' motion, the Snap-On Credit tradeline had ceased reporting on Plaintiff's Equifax credit file, Equifax consumer report, or Equifax consumer disclosure as of March 2017. ECF No. 51 at 7-8. It did not appear on Plaintiff's Equifax credit file at the time of his request for a full credit file disclosure. *Id*. Plaintiff's contention that Equifax failed to include the Snap-On credit information does not state a valid claim under § 1681g.

### 2. A Consumer Report Does Not Include Prior Addresses as a Matter of Law.

As for prior address information, courts and the FTC have uniformly explained that address information does not meet the definition of a "consumer report" because it does not bear on credit worthiness or any of the other categories that define a "consumer report." Accordingly, the allegation (and new argument) that Equifax and Experian failed to include one of Plaintiff's prior addresses on a consumer disclosure does not state a valid claim under § 1681g.

The FCRA regulates the dissemination of information that is contained in a "consumer report." In 2000, the FTC stated that "credit header" data—the names, addresses, social security number, and phone number of the consumer—are not subject to the FCRA because they "'do[] not bear on creditworthiness, credit capacity, credit standing, character, general reputation, personal characteristics, or mode of living, unless such terms are given an impermissibly broad meaning.'" *Individual Reference Servs. Grp., Inc. v. F.T.C.*, 145 F. Supp. 2d 6, 17 (D.D.C. 2001), *aff'd sub nom. Trans Union LLC v. F.T.C.*, 295 F.3d 42 (D.C. Cir. 2002) (citation omitted).

Courts have agreed that "a consumer report does not include the consumer's name, address, SSN, or phone number." *Daniels v. Experian Info. Sols., Inc.*, 2009 WL 1811548, at *4

(S.D. Ga. June 24, 2009); *see also Individual Reference Servs. Group*, 145 F. Supp. 2d at 17; *Dotzler v. Perot*, 914 F. Supp. 328, 330 (E.D. Mo. 1996), *aff'd,* 124 F.3d 207 (8th Cir. 1997) (consumer's name, current and former address, and social security number "did not bear on plaintiff's credit or general character" and thus "was not a consumer report within the meaning of FCRA"); *Parker v. Equifax Info. Servs., LLC*, 2017 WL 4003437, at *1, *3 (E.D. Mich. Sept. 12, 2017) ("header data" including "name, phone number, social security number, date of birth, driver's license, current address, and time spent at that address" "does not constitute a consumer report because the information does not bear on ... credit worthiness"); *Smith v. Waverly Partners, LLC*, 2011 WL 3564427, at *5 (W.D.N.C. Aug. 12, 2011) (plaintiff's "name, Social Security Number, prior addresses, date of birth, and driver's license information" was "not a consumer report").

Plaintiff argues that Experian and Equifax shared one of his prior addresses with LexisNexis.  ECF No. 54 at 5.  But even if true, the provision of this information would not constitute a "consumer report."  Under well-established law, therefore, Experian and Equifax had no statutory obligation to include the obsolete address on Plaintiff's consumer disclosure.

This conclusion—that a CRA does not risk statutory damages simply for failing to include one of the consumer's prior addresses on a consumer disclosure—makes perfect sense in light of the purposes of the FCRA.  The purpose of the FCRA's disclosure provision, § 1681g(a)(1), "is to allow consumers to identify inaccurate information in their credit files and correct this information…." *Gillespie*, 484 F.3d at 941.  The risk of inaccurate information, in turn, is that its presence on a credit report will damage the consumer's ability to obtain employment, insurance, credit, and the like.  *See Equifax Inc. v. F. T. C.*, 678 F.2d 1047, 1048 (11th Cir. 1982).

A consumer's prior address does not bear on the consumer's credit worthiness or general character, and thus cannot (even if inaccurate) damage the consumer's ability to obtain employment, insurance, or credit. It is thus entirely sensible that the FCRA does not punish a CRA merely because it allegedly retains a record of a consumer's obsolete address, but fails to include that address on a consumer disclosure.

> B. **Plaintiff Lacks Standing Because the Purported Denial of Information About Plaintiff's Past Addresses Does Not Create Real Harm with an Adverse Effect.**

But even if failing to include a consumer's prior address on a consumer disclosure amounted to a willful violation of § 1681g, Plaintiff fails to plausibly allege that any such violation resulted in the concrete harm necessary to satisfy Article III's injury-in-fact requirement.

Contrary to Plaintiff's contention, the problem is not merely that he has failed to plausibly allege suffering any actual *damage* as a result of Defendants' purported conduct. ECF No. 54 at 7. The fatal flaw is that Plaintiff fails to plausibly allege that he has suffered, by being denied access to his prior address, "the type of harm that *Congress sought to prevent* by requiring disclosure." *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 345-46 (4th Cir. 2017) (emphasis in original). That is, Plaintiff has failed to plausibly allege that Defendants' alleged failure to include a prior address on his consumer disclosure "made any difference at all in the 'fair[ness] or accura[cy]' of his credit report." *Id.* at 346.

Even where there is a statutory violation, the plaintiff must show that he or she has suffered a "concrete," "de facto" injury, meaning the injury "must actually exist" and be "real." *Spokeo v. Robins*, 136 S. Ct. 1540, 1548 (2016). In *Spokeo*, the Supreme Court explained that only the sort of real harm Congress sought to guard against would establish standing for the plaintiff's FCRA claims. In the FCRA, "Congress plainly sought to curb the dissemination of

false information" about consumers' "credit worthiness" by "adopting procedures designed to decrease that risk." *Id.* at 1545, 1550. Yet, "[a] violation of one of the FCRA's procedural requirements may result in no harm" whatsoever—so a "bare procedural violation" cannot suffice. *Id.* For instance, "the dissemination of an incorrect zip code, without more," would not have any "bearing on an individual's credit worthiness," and thus would not lead to any real harm that Congress sought to prevent. *Id.* at 1545, 1550.

Plaintiff fails to explain how the omission of a prior address on his consumer disclosure results in any more "real" harm than the dissemination of an incorrect zip code. In both cases, the alleged procedural violation has no impact on the consumer's credit worthiness. Plaintiff asserts that he was harmed because he was "deprived of information to which he was legally entitled." ECF No. 54 at 8. But *Spokeo* answers this assertion directly, holding that a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants [her] a statutory right and purports to authorize [her] to sue to vindicate that right." *Id.* at 1549.

Because Plaintiff cannot show that he suffered any real harm as a result of Defendants' alleged conduct, he resists the plain language of *Spokeo*, and suggests that the deprivation of information is, alone, sufficient to support standing. ECF No. 54 at 8. But the case upon which Plaintiff primarily relies, *Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623 (E.D. Va. 2016), cannot salvage his case.

Unlike *Dreher*, which concerned the FCRA disclosure statute at issue in this case, *Thomas* concerned 15 U.S.C. § 1681b(b)(2)(A)(i) and (ii), which require a disclosure and written consent from the consumer before a person may obtain a consumer report for employment purposes. *See Thomas*, 193 F. Supp. 3d at 625. The court held that an employer's failure to

notify an applicant that the employer seeks to procure the applicant's credit report amounts to a concrete injury for purposes of standing. *See* 193 F. Supp. 3d at 635.

Plaintiff's reliance on *Thomas* for the proposition that no real harm need be identified is misplaced, for several reasons. It is misplaced, to begin, because *Thomas* was decided by a district court within the Fourth Circuit one year prior to *Dreher*. To the extent *Thomas* can be interpreted to permit standing whenever a consumer identifies a bare procedural violation of the FCRA's disclosure provisions, it has been superseded by *Dreher*.

Perhaps more importantly, Plaintiff's reading of *Thomas* is inconsistent with the law of *this* Circuit. *See Stacy v. Dollar Tree Stores, Inc.*, 274 F. Supp. 3d 1355, 1363 (S.D. Fla. 2017) (rejecting *Thomas* and holding that a constitutionally cognizable informational injury requires that a person lack access to information to which he is legally entitled and that the denial of that information creates a real harm with an adverse effect). Within this circuit, a plaintiff must "point to … real harm []he suffered as a result of [the defendant's] technical violation of the statute." *Id.* at 1364. Because neither the SAC nor Plaintiff's opposition to dismissal identifies any such "real" harm, Plaintiff lacks standing to sue.

## III.   CONCLUSION

For these reasons, Defendants' Motion to Dismiss should be granted with prejudice

Dated: August 20, 2018                                   Respectfully submitted,


                                              *s/ Erika S. Whyte*
Erika S. Whyte
Florida Bar No. 91133
JONES DAY
600 Brickell Avenue
Suite 3300
Miami, FL  33131
Telephone:   +1.305.714.9700
Facsimile:    +1.305.714.9799
E-mail:         ewhyte@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*


Dated: August 20, 2018                                   Respectfully submitted,


                                              *s/ J. Anthony Love*
J. Anthony Love
Florida Bar No. 67224
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Telephone:   +1.404.572.4600
Facsimile:    +1.404.572.5100
E-mail:         tlove@kslaw.com

*Attorneys for Defendants*
*Equifax Inc. & Equifax Information*
*Services LLC*

Dated: August 20, 2018　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s Franklin G. Cosmen, Jr.*
　　　　　　　　　　　　　　　　　　　　Franklin G. Cosmen, Jr.
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 89214
　　　　　　　　　　　　　　　　　　　　QUINTAIROS, PRIETO, WOOD &
　　　　　　　　　　　　　　　　　　　　BOYER P.A.
　　　　　　　　　　　　　　　　　　　　9300 S. Dadeland Blvd., 4th Floor
　　　　　　　　　　　　　　　　　　　　Miami, FL  33156
　　　　　　　　　　　　　　　　　　　　Telephone:   +1.305.670.1101
　　　　　　　　　　　　　　　　　　　　Facsimile:    +1.305.670.1161
　　　　　　　　　　　　　　　　　　　　E-mail:         fcosmen@qpwblaw.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　*Trans Union LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 20, 2018, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that I served a true and correct copy of the foregoing document on all counsel or parties of record on the service list via transmission of Notices of Electronic Filing generated by CM/ECF.  I further certify that I served a true and correct copy of the foregoing document by mail to the Plaintiff at the following address:

    James W. Scott
    jwsscott777@gmail.com
    3457 Deercreek Palladian Circle
    Deerfield Beach, FL 33442
    954-540-0408
    *Pro Se Plaintiff*

                                                    */s/ Erika S. Whyte*
                                                    Erika S. Whyte